Williams' Ex'rs *vs.* Marshall.—1832.

Wm. B. Williams' Exr's *vs.* Robert Marshall.—*December*, 1832.

There are many exceptions to, and modifications of the rule, that a trustee, executor or administrator, cannot become a purchaser at his own sale, and that if he does, such sale is void.

A trustee who purchases at his own sale, may be treated in Chancery according to circumstances, as a purchaser for the benefit of the *cestui que trust.*

In some cases, a trustee will be protected in his purchase at his own sale ; as if the *c. q. t.* be of full age, and under no disability, and with a full knowledge of the transaction, lies by for an unreasonable time, or being under age, or other disability, does not in a resonable time after coming to age, or the disability is removed, seek to set aside the sale, or treat the trustee as a purchaser for his benefit, it will be considered as an acquiescence in the sale.

It is only a favor of the *c. q. t.* or party interested, that Chancery will vacate such a sale.   A court of law is not the proper tribunal to pronounce it void, or set it aside, merely on the ground that the trustee was purchaser at his own sale.

APPEAL from *Prince George's* County Court.

On the 26th of July, 1828, *Replevin* was brought, by the appellants, against the appellee, for sundry negroes.

*Pleas*, property in defendant, and in a stranger, to which there were issues.

1. At the trial the plaintiffs proved, that *Wm. B. Williams*, the testator of the plaintiffs, was the executor of *Thomas O. Williams*, deceased, and that at a sale of the personal estate of the said *Thomas O. Williams*, as ordered by the Orphans Court, the said *William B. Williams*, the executor, with the consent of all the representatives of *Thomas O. Williams*, purchased a negro woman named *Amy*, the mother of the negroes in the declaration mentioned, and that in his account of sales returned to the Orphans Court, he was returned as the purchaser, to which no objection was ever made. He further proved, that the sale above spoken of took place in the year 1818, and that *Wm. B. Williams* lived until the year 1825, or 1826, and that during all that time the said *Amy*, the mother, remained in his possession, with the knowledge and consent of all the distributees of *Thomas O. Williams;* and that the negroes in the declaration mentioned, were born during that period.

Upon this evidence the defendant prayed the instruction of the court to the jury, that the plaintiffs were not entitled to recover; upon the ground that the purchase by *William B. Williams*, at the sale of *Thomas O. Williams'* estate, was void, he being the executor of said *Thomas O. Williams*, and that therefore the property was in the administrator *de bonis non* of said *Thomas O. Williams;* although by an account settled by the administrator *de bonis non*, with the Orphans Court, there remained a balance in his hands of $4854 60; and it was in evidence, that this administrator only knew of two outstanding claims against the estate, amounting to about $200; there appearing on the docket of the County Court a suit against him, in which the plaintiff claimed $7000, which claim, according to the declaration

filed in that cause, originated in the year 1810, and in bar of which the plea of limitations had been filed.

The County Court, (STEPHEN, Ch. J., and KEY, A. J.,) gave the instruction as prayed. The plaintiff excepted, and the verdict and judgment being against him, he prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, ARCHER, and DORSEY, J.

*V. H. Dorsey* and *Boyle,* for the appellants, contended.

1. That a purchase by a trustee at his own sale is not *void,* but *voidable* only, at the instance of some party interested in the faithful performance of the trust; and that a mere stranger cannot interfere.     14 *Johns. Rep.* 415. 5 *Ib.* 43. 2 *Caine's Cases,* 320.     And the right even of the *cestui que trusts,* to impeach the validity of the sale is waived, by an acquiescence for any considerable length of time.     1 *Ves. Sr.* 226.     5 *Ves. Jr.* 680.     6 *Ib.* 631.     14 *Johns. Rep.* 407.     2 *Johns. Ch. Rep.* 412.     2 *Cowen,* 195. 5 *Harr. and Johns.* 147, 447.     1 *Peters' Ch. Rep.* 368. 1 *Harr. and Johns.* 152.     3 *Gill and Johns.* 163.     5 *Johns. Rep.* 43. 2 *Brown Ch. R.* 427.

2. It is not competent for a court of law to declare a sale of this sort void—application should be made to a Court of Chancery.     2 *Johns. Ch. Rep.* 2.     1 *Harr. and Johns.* 152.

*Stonestreet,* for the appellee.

The appellee is defending a possession, which it is to be presumed was legally acquired.     He does not seek to set aside the sale.     It is the plaintiffs who are asserting a title under that sale, and they are bound to show a good one. Nothing can be inferred favorable to the plaintiffs' title, from the possession of their testator, because he is to be considered as holding possession as the executor of *Thomas O. Williams,* in which character alone, he was entitled to hold.     5 *Harr. and Johns.* 147.     6 *Ib.* 67.

Buchanan, Ch. J., delivered the opinion of the court.

The language of the general rule is, that a trustee, or executor, or administrator, cannot become a purchaser at his own sale, and that if he does, such sale is void. But that rule is not to be universally understood, and applied in the most strict and literal sense; and there are many exceptions to, or modifications of it.

A trustee, who purchases at his own sale, may be treated in chancery, according to circumstances, as a purchaser for the benefit of the *cestui que trust,* and not be permitted to make profit, by speculating in the purchase of the trust property; and he may be directed to sell it again for the benefit of the *cestui que trust,* provided it will bring more on a re-sale, than the amount at which he bought it; and if *not,* he may be kept to his purchase, and held responsible for the stipulated price. But he will in some cases be protected in his purchase, as if the *cestui que trust* be of full age at the time of sale, and under no disability, and with a full knowledge of the transaction, lies by for an unreasonable time, or being under age, or other disability, does not, in a reasonable time after coming of age, or the disability is removed, seek to set aside the sale, or treat the trustee as a purchaser for his benefit, it will be considered as an acquiescence in the sale, and the trustee will not be disturbed in his purchase. And it is only in favor of the *cestui que trust,* or party interested, that in chancery a purchase by a trustee at his own sale will be set aside or held to be void, or the trustee disturbed in his purchase. Here we are in a court of law, and the purchase which the defendant seeks to treat as absolutely void, was by an executor at his own public sale, in the year 1818, with the knowledge and assent of all the representatives of the deceased, and no objection appears ever to have been since made by any of the parties interested. The defendant is a perfect stranger, having no interest in any capacity, in the settlement of the estate, or in the property sold, so far as is disclosed by the record. In such a case, after the full assent to the purchase by the trustee, given at

the time, (fourteen years ago,) of all the representatives, and their entire acquiescence ever since, we cannot permit a mere wrong-doer, showing no title in himself, to shield himself behind a general rule adopted by chancery, to guard against fraud, and to protect the interests of the *cestui que trust*, confided to the trustee, in questions arising between trustees, and those interested in the proper management and disposition of the trust property ; and even in that court, modified according to circumstances, and never applied to the case of a stranger having no such interest, but seeking to set aside the sale, merely to cover his own wrong, and not for the benefit of those interested in the faithful discharge of the trust ; and much less can it be in a court of law.     Indeed we think that a court of law is not the proper tribunal to pronounce absolutely void, and to set aside a sale made by a trustee or executor, merely on the ground that he was himself the purchaser ; but that it was a subject proper only for the cognizance of another forum, a Court of Chancery, where each case can be more fully and better investigated, and the rights and interests of all concerned, inquired into and protected.     But to treat such sales in courts of law as absolutely void, would often be found to work injustice and injury, and to make the rule an instrument of fraud, in the hands of a wrong-doer, having no interest in the faithful discharge of the trust.     If there have been any decisions in this State, with which this may seem to be inconsistent, perhaps on examination it will be seen, that the question, to what tribunal (a court of law, or a court of equity,) the power to set aside such sales properly belonged, was not raised, but that it was taken as a *concessum*, that if absolutely void, they could confer no title, and that the effect was the same in both tribunals. Whereas, notwithstanding the broad language of the rule adopted in chancery, they are practically treated in that court, as *voidable* only, according to circumstances, and as the interest of the *cestui que trust* may require, and some

times are not permitted to be disturbed, which could not be, if all such sales are absolutely null and void.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**