# MARYLAND REPORTS.

## DECEMBER TERM, Á. D., 1859.

Josiah H. Cover, and others, *vs.* Nathan B. Stockdale and wife, Adm'r *d. b. n. c. t. a.* of Henry Cover.

In plenary proceedings in the orphans court the answer must be on oath, and objection thereto for want of an oath is not waived, by the mere fact that the cause was argued before that court, by counsel for the petitioners, before passage of the order dismissing their petition.

The Act of 1825, ch. 117, does not apply, and has never been regarded as applying, to appeals from the orphans courts.

Where a claim has been passed by the orphans court but not paid, and the claimants afterwards become administrators *de bonis non,* the distributees may contest the claim before the orphans court, at any time, without waiting for such administrators to exhibit an administration account including the objectionable claim.

Appeal from the Orphans Court for Carroll County.

Appeal from an order of the court below, dismissing the petition of the appellants. The facts of the case are fully stated in the opinion of this court.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

*Jos. M. Palmer* for the appellants.

It is difficult to conjecture upon what principles the or-

v. 16    1

Cover, *et al.*, *vs.* Stockdale & wife, adm'r *d. b. n.* of Cover.

phans court dismissed the petition of the appellants. Stockdale and wife had, during the life of the executor, presented to the orphans court a claim for $950 against the estate of Cover. The executor never paid this claim, or any part of it, and never settled any account of his administration. If this claim, then, has never been paid by the executor or some one having authority to pay it, and is to be claimed by the appellees as administrators *d. b. n.*, as an allowance to them in their settlement with the orphans court, then the order dismissing the petition of the legatees and distributees in this case is clearly erroneous. There is no proof that the claim has ever been paid, and will not be presented for allowance, by the appellees, when the settlement of their administration account is made. The petition was dismissed without proof of any kind, and, in truth, without any answer legally sufficient for the court to act upon. If the answer is evidence of an admission by the administrators, that this claim was fully paid and is not hereafter to be claimed by them in their accounts, there would be no necessity for issues to try its validity. But we do not consider that to be the effect and construction of the answer. The affirmance of the order would be, to enable the appellees to obtain their claim in their settlement with the orphans court and deprive the appellants of their just rights. Let us then consider the question, upon the hypothesis that the claim has never been paid. The appellants, in their petition, charge that this claim is unjust, not due and owing to the appellees, that it is barred by limitations, and they pray for issues to be sent to a court of law to try its validity.

It is an admitted principle, that under the Act of 1798, ch. 101, at any stage of the proceedings of disputants before the orphans court, before final adjudication, either party may require issues, and the court is not at liberty to refuse them. 5 *H. & J.*, 175, *Barroll, et al., vs. Reading.* 4 *Md. Rep.*, 394, *Pegg vs. Warford.* The answer says the claim has been passed by the orphans court upon legal and competent testimony, but there is no evidence in the record to show this. To authorize its passage by the court, it should be vouched

by the affidavits of the claimants in due form. Act of 1798, ch. 101, sub ch. 8, sec. 19, and sub-ch. 9, secs. 8, 14, 15. Even if it had been properly vouched and passed by the court, this would not give it any validity when contested; the passage by the orphans court is no evidence of its correctness. *Act of* 1802, *ch.* 101. 1 *Gill*, 363, *Bowling & wife vs. Lamar.* 6 *G. & J.*, 316, *Lee vs. Lee & Welch.* 11 *Md. Rep.*, 419, *Edelen vs. Edelen.*

The Act of 1798, ch. 101, sub-ch. 15, sec. 16, declares that in all cases of plenary proceedings in the orphans court, by bill or petition, there shall be an answer on oath or affirmation. This Act seems to be imperative upon the parties. The penalty affixed for refusing to answer on oath or affirmation, clearly shows the importance of the provision, and the imperative duty of the court not to act hastily upon answer not on oath or affirmation. In chancery, where there is no statutory provision on the subject, answers, before the Act of 1852, ch. 133, which has no application to this case, should be verified by affidavit; if omitted the answer is to be taken as null and stricken off the file. 7 *G. & J.*, 494, 510, *Nesbitt vs. Dallam.* 1 *Pet.*, 241, *Findlay vs. Hinde.* 4 *Paige*, 368, *Smith vs. Clark.* 1 *Bland*, 566, *Billingslea vs. Gilbert.* *Cooper's Eq. Pl.*, 325, 326. It is true that, in chancery, the complainant may waive the defect by going to trial on the merits, and in the case of such a waiver, this court could not take notice of the defective answer, (7 *G. & J.*, 510,) but the question of waiver can have no application here, for this case was never tried upon the merits or any thing else.

*Oliver Miller*, for the appellees argued:

1st. The objection to the answer, for want of an affidavit, cannot be availed of in this court. The appellants could have treated the answer as a nullity, and have had it taken from the file, but it was also competent for them to waive this defect. In *Nesbitt vs. Dallam*, 7 *G. & J.*, 510, it is said, if a party, without raising the question of the invalidity of an answer, because not verified by affidavit, proceeds in the

cause as if a regular answer were put in, he cannot avail himself of such an objection in the appellate court, but is presumed to have waived the informality. Here no objection was raised to this answer on this ground in the court below, but on the contrary, the cause was proceeded in as if a regular answer had been filed. The case was submitted to the court and *argued* upon petition and *answer*, and in such a case every thing alleged in the answer, susceptible of proof, is to be taken as admitted. The allegation of the answer that this claim had been paid, is therefore to be taken as true, and if this is so, upon the concession of the other side, there was no necessity for issues, and their petition was properly dismissed. But if we are wrong in this, it is then insisted:

2nd. That the claim having been regularly and duly passed by the orphans court, before the appellees obtained letters *d. b. n.*, they would have a right to pay it if it had been in favor of a third party, and to retain for it if in favor of themselves, on their becoming admrs. *d. b. n.*, and the appellants, as distributees, have no right to set up or plead limitations to any claim that may be preferred against the estate.

3rd. That, at all events, even if the appellees were seeking to retain for this claim, without any previous action thereon by the orphans court, and the appellants had a right to insist upon full proof thereof before such retention, or in any other manner to dispute its validity, the proper and only course of proceeding is, for them to object to the passage of the administration account by the appellees, in which a credit for such retention should be asked. When such an account is offered for passage, they will have the right to appear and interpose any objection they may see fit, to any allowance of any credits the appellees may therein claim, but the law allows a certain time for those who are entrusted with the administration of the estates of deceased parties within which to discharge their duties and prepare their accounts for passage, and until such time has elapsed they are in no default, and cannot be called into court to litigate questions which distributees may choose prematurely to raise. When this petition was filed, less than two months had elapsed from the

obtention of letters by the appellees, and a much longer time is allowed by law for them to prepare their first account as such administrators. Act of 1798, ch. 101, sub-ch. 5, sec. 6, sub-ch. 8, sec. 1 and sub-ch. 14, sec. 2. The petition does not ask that the appellees may be required to settle an account with the orphans court, and is, in every respect, premature, irregular and vexatious.

Eccleston, J., delivered the opinion of this court.

After the 30th of November 1857, letters testamentary were granted to Reuben Conway, as executor under the will of Henry Cover, deceased. The executor died before he had fully administered the estate, and without having passed any administration account. On the 16th day of August 1858, the account against the estate of Henry Cover, which is now in controversy, was presented by Nathan B. Stockdale and wife to the orphans court, for the purpose of having the same passed preparatory to having it paid, and it was then passed by the court. After which the executor died, and on the 25th July 1859, the said Nathan B. Stockdale and Elizabeth his wife, obtained from the orphans court letters of administration *de bonis non, cum testamento annexo,* on the estate of Henry Cover.

On the 23rd of September 1859, the petitioners, now appellants, appeared in the orphans court of Carroll county, presenting to the consideration of the court, the petition which had been filed on the 31st of the preceding month, in the office of the Register of Wills for that county, the design of which was to protest against and to contest the said claim of Stockdale and wife, amounting to $950. The petition alleges the claim to be false, spurious and unjust; that it is a stale claim and barred by limitations. The court are asked to order and direct issues to be sent to a court of law, and then the petition prays for a summons and an answer.

After being summoned, Stockdale and wife appeared, and on the 14th day of November 1859, filed their answer. They say they are advised and state, "that there is no question for determination or adjudication, at this time, in connection with

the estate of Henry Cover, deceased, or the distribution of the assets of said estate, amongst the parties in any way entitled thereto. That the account mentioned in the said petition, has long ago been passed by your honorable court, on the production of legal, satisfactory and competent testimony, and that the same has been already, and before the filing of said petition, paid to the party entitled thereto, as it had a right in fair and good conscience to be paid. That the administrators *de bonis non* of Henry Cover,"(your respondents,) are not asking an administration account to be passed by your honorable court. That the time allowed them for settlement has not expired, and that there is no state of case in the premises, entitling the said petitioners at this time to institute the proceedings in the petition commenced and sought therein to be prosecuted."

·The respondents further say that, "neither admitting nor denying the several allegations in the said petition mentioned, because they are immaterial, state and aver that the proceedings instituted by the petitioners are untimely and illegal under the facts in the case, and they pray that the said petition may be dismissed."

The answer is signed by the solicitors for the respondents and is without oath.

It does not appear from the record that any evidence was offered on either side, or that application was made for time or opportunity to introduce any.

The record states, that on the 28th day of November 1859, before the orphans court for Carroll county, the petitioners and respondents appeared by counsel, and; after hearing the argument of counsel for the respective parties, the court proceeded to pass the following order:

"*October Term*, 1859.

"Ordered by the court, on the aforegoing petition and answer and the argument of counsel of the respective parties, that the said petition be and the same is hereby dismissed, with costs to the respondents. November 28th, 1859."

From this order the present appeal was taken, on the 13th of December following.

Cover *et al.*, *vs.* Stockdale & wife, admr's *d. b. n.*, of Cover.

The orphans court filed no opinion, and therefore the reasons for which they dismissed the petition do not appear. Nor is it shown what grounds were relied upon in the argument of counsel, either in support of, or against the petition, or the answer thereto.

In the argument before us the counsel for the appellants has contended, that the order appealed from should be reversed, because the answer not having been sworn to, should have been disregarded by the court, as the Act of 1798, ch. 101, sub-ch. 15, sec. 16, renders it absolutely necessary, in every such case, that an answer shall be made on oath.

In reply to this the counsel for the appellees has said, such an objection should have been made in the court below, and the record not showing it was done, it now comes too late, because, as the case is presented, the want of an oath to the answer must be considered as having been waived; especially as the record shows the order was passed after an argument by counsel for the respective parties. In support of which position reference has been made to *Nesbitt vs. Dallam*, 7 *G. & J.*, 509 & 510.

But that case is considered to be essentially different from this. The question there which has been supposed to apply here, arose upon a motion to set aside a sale made under a *vendi. exponas.* The case came before the Court of Appeals upon a bill of exceptions, in which it appeared that the motion, as presented, had not been verified by affidavit. Evidence, however, was adduced on both sides, without any objection appearing to have been made, in the court below, on account of the absence of such an affidavit. The objection being first raised in the appellate tribunal it was there held, that if it had been made at the trial before the county court all the evidence offered to prove such facts as did not appear, at the time, in the record of proceedings of the county court, must have been rejected. And the Court of Appeals say: "But if the testimony is permitted to be given without opposition as to its admissibility, and after the judgment of the court is pronounced upon the whole case as presented by the proof, it be brought before an appellate tribunal upon a bill

of exceptions, which shows that no question on the admissibility of the evidence was raised in the court below, it may well be doubted, whether, on the appeal, the court would listen to an objection resting on a mere defect in form, when the proceedings in the cause so strongly justify the presumption of its waiver, by the party for whose benefit it was required, and who was competent to waive it.'' Reference is then made to the practice in chancery, which authorises a complainant to treat an answer without oath as a nullity; but will not allow any advantage to be taken of its invalidity in the appellate court, when, in the court below, without raising any objection to such invalidity, the complainant has proceeded in the cause as if a regular answer had been put in; because he will then be presumed to have waived the informality.

The court, however, in *Nesbitt vs. Dallam,* use the following strong language, in stating a ground considered sufficient to overrule the objection, based upon the want of an affidavit to the motion. ''But suppose that, independently of *Maryland* legislation upon the subject, this defect would be fatal before an appellate jurisdiction. It cannot for a moment be relied on, since the passage of the Act of 1825, ch. 117, sec 1, which provides that, in no case, shall the appellant or plaintiff in error, or the appellee or defendant in error, be permitted to urge or insist upon any point or question, which shall not appear by the record to have been raised or made in the county court.'' And because the point did not appear to have been brought before the county court, but the proceedings showed that no such question was presented to them, the appellate court held, that the point could not be availed of before them; but concluded this subject, by saying: ''We must deal with this judgment, then, as if all the facts stated in the bill of exceptions were legitimately before us.''

Facts similar to those relied on in that case, as strongly justifying the presumption of a waiver, are not to be found in the present record. Neither before nor after the filing of the answer without oath, was any proof offered, by either party.

Cover, *et al.*, *vs.* Stockdale & wife, adm'r *d. b. n.* of Cover.

Nor, after the answer came in, did the petitioners take any sort of proceeding in the cause, which could possibly justify the presumption of their having waived the want of the oath; unless the mere fact that the case was argued by their counsel, before the passage of the order of dismissal, can be regarded as having created such a presumption. And the propriety of so doing is, certainly, not very manifest, in a cause pending in the orphans court, the proceedings of which tribunal are not strictly regulated by the rules of pleading or practice established and used, either in courts of chancery or of common law jurisdiction. In the absence of such settled rules of pleading and practice, the mere argument of counsel would seem to afford nothing more than a very doubtful presumption of a waiver, if indeed any, when there is nothing to show, either the grounds taken in argument, or those relied on in the decision of the court. Why then should the bare fact of there having been an argument, afford any more presumption of a waiver of the defect, than a presumption that the defect was insisted upon in the argument as an objection to the answer?

We have seen that in *Nesbitt vs. Dallam*, inasmuch as the question which was urged on the appeal, did not appear by the record to have been raised or made in the county court, the Act of 1825, ch. 117, sec. 1, was considered abundantly sufficient to prevent the appellant from relying, for a moment, in the appellate court, upon the want of an affidavit to the motion below, independently of the ground of a waiver of such an objection to the motion.

The first section of that Act, however, speaks only of appeals from the county courts, as then existing. And the second section relates to appeals from chancery, and from the county courts as courts of equity. Having examined the numerous cases in which the application of the Act has been considered, we have found no appeal from the orphans court, in which it has been held to operate; and, in our opinion, to construe it as operating in such cases, would not promote the ends of justice. Believing, therefore, that the Act is not applicable to this appeal, we are not prohibited from considering the ob

jection to the answer, for want of an oath, as now presented to us, although the point does not appear, by the record, to have been raised or made in the orphans court.

The views expressed are deemed sufficient to show that the order dismissing the petition ought to be reversed. But, as the case will be remanded, we consider it proper to notice one of the grounds relied on by the counsel for the appellees, in support of the decision below.

They have contended that the petitioners had no right to institute any such proceeding as they contemplated, at the time of filing their petition; because, long before then, the account had been passed in the life time of the executor, and when the petition was presented the administrators *de bonis non* were not offering to pass an administration account, either claiming or not claiming any allowance for the disputed claim; nor had sufficient time elapsed, after the date of their letters, to make it their duty to pass an administration account. And the appellees have insisted that, under such circumstances, whether the claim, now disputed, had been paid or not, the petitioners, at the time of filing their petition, had no right to institute any proceeding in the orphans court to contest the claim. That if, at any time, they would be entitled to demand full proof of the account, or to require that issues, in relation thereto, should be sent to a court of law, they would not be authorised to do so until the presentation of an administration account to be passed, claiming an allowance therein for the disputed account. But in this we do not concur.

It appears that the account was passed in the life time of the executor, but there is no proof that it was paid by him. All that is said on the subject of payment, even in the defective answer, is, that the account was paid before the filing of the petition.

If payment was not made by the executor, but the claim remained unpaid, in the hands of the claimants, until they were appointed administrators *de bonis non*, we think the petitioners, having an interest in the estate of Henry Cover, deceased, under his will, if they had reason to believe the

claim unjust, were entitled to contest it before the orphans court, at any time after the claimants had obtained letters of administration, without waiting for them to exhibit an administration account, including therein the objectionable claim. Why should it be necessary to wait for that? The fact of the claim having been passed, preparatory for payment, furnished sufficient evidence of an intention to insist upon its being satisfied out of the assets of the testator.

When an executor or administrator is not a claimant against the estate of the deceased, but some other person is, the executor or administrator can sufficiently resist the claim by simply refusing payment thereof, without any necessity for contesting the same before orphans court.

> *Order reversed, with costs in this court to the*
> *appellants, and the cause remanded.*

(Decided June 1st, 1860.)