LUKE T. WILLIAMSON *vs.* HENRIETTA M. MONTGOMERY
and JULIANA J. SPENCER, Executrices.

*Power of the Orphans' Court, to determine what Issues are proper
to be sent to a Court of Law for trial.*

Where in a cause depending before the Orphans' Court, issues are prayed to be
sent to a Court of Law for trial, in accordance with Article 93, section 250
of the Code, the Court has the power to determine what facts are in issue
between the parties, and material to be submitted to a jury for decision;
and to refuse to send issues that are irrelevant and immaterial.

APPEAL from the Orphans' Court of Baltimore City.

On the 2nd of July, 1873, the appellant filed a petition
in the Orphans' Court of Baltimore City, praying that
issues might be made up and sent to a Court of Law for
trial, in accordance with Art. 93, sec. 250 of the Code, and
tendered the following, which he prayed might be sent :

1st. Whether the land sold in the year 1866, by the
petitioners in this case, to Luke T. Williamson, and in
reference to which land this controversy arises, was sur-
veyed, and a plat of it made under the direction, and by
the procurement of said Williamson, after the sale to
him ?

2nd. Whether the plat and description and estimate of
the number of acres contained in said tract, which the
petitioners adopted and filed with their report, and which
shews the same to be one hundred and twelve and a half
acres, was furnished to them by said Williamson ?

3rd. Whether said survey was not made after said sale,
and before said report by the late William Dawson, in the
usual and customary way without any interference on the
part of said Williamson, and was furnished by said Daw-
son to said petitioners or their counsel ?

4th. Whether the said petitioners were misled as to the number of acres of land contained in said tract, by trusting to the representations of said Williamson?

5th. Whether said Williamson ever made any false and fraudulent representations to said petitioners in reference to the number of acres contained in said tract of land?

6th. Whether said Dawson was not employed by said petitioners as their surveyor to make said survey?

7th. Whether said Williamson and Dawson combined to have a false survey and description of said land made, in order to make it appear to contain a less number of acres than it really did, so as to defraud said petitioners?

8th. Whether said land was not conveyed in the year 1869, by said Williamson to Samuel M. Shoemaker, as containing one hundred and twelve and a half acres?

9th. Whether Mr. W. S. Bryan, the attorney of said petitioners, and acting for them and in their behalf, did not, on the 2nd of June, 1869, receive from said Shoemaker as the alienee of said Williamson, the entire balance of purchase money due said petitioners, to wit, the sum of $6,577.52?

10th. Whether it does not appear on file among the Records of the Orphans' Court of Baltimore City, that said sale was finally ratified on the 25th of August, 1866, and that the entire balance of purchase money was paid on the 2nd of June, 1869?

11th. Whether the said Williamson did not finally dispose of his entire interest in said land in December, 1869, to Henry Knell and James G. Megeath, as containing one hundred and twelve and one-half acres?

12th. Whether said Williamson had, at the date of the filing of the petition in this cause, to wit: on the twentieth day of March, 1872, or whether he now has, any interest of any kind in said land?

On the same day the appellees filed objections to the first six of the foregoing issues, but made no objection to the others, and suggested the following as proper to be sent:

First. Whether in the report to the Orphans' Court of Baltimore city, made on the 24th day of July, 1866, by Henrietta M. Montgomery and Juliana J. Spencer, of the land sold by them as executrices of Maria Williamson, deceased, there was an error in the estimate of the number of acres sold, and if there was an error, what is the true quantity of land so sold?

Second. Whether the said executrices were led into the error contained in the said report by erroneous information communicated to them by Luke T. Williamson?

Third. Whether the executrices caused the land to be surveyed in the year 1872, and whether, from the survey then made, they discovered for the first time the error made in their said report of the sale?

The Orphans' Court passed an order directing the issues tendered by the appellees, together with the first six tendered by the appellant, to be sent to the Court of Common Pleas for trial. From this order the present appeal is taken.

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ALVEY, J.

*Benjamin F. Horwitz,* for the appellant.

As the appellees filed a general replication to the answer of Williamson, the Orphans' Court had no power to exercise any discretion as to the legal propriety of the issues to be sent to a Court of Law for trial; the only duty of the Orphans' Court in such a state of case is to see if the petition or answer contains the matters of fact stated in the issues tendered, and which matters of fact, if set forth in the petition, must be denied by the answer, and if set forth in the answer, are, of course, denied by the legal force of the general replication, and thus form an issue.

A replication to the answer puts in issue every question of fact. *Alex. Chy. Prac.,* 66; *Story's Eq. Plead., secs.*

877, 878. If the petitioner objects to the matters of fact set forth in the answer being put in issue because they are impertinent, his course is to except to the answer, and not file a general replication, which directly puts those matters in issue. *Story's Eq. Plead.*, secs. 877, 878, 880; *Alex. Chy. Prac.*, 64, 65.

In this case the answer and general replication shew very clearly what are the issues to be tried, and the Orphans' Court had no right to disregard the action of the parties to the suit, who had put certain matters of fact in issue, and determine *ex mero motu* that they were not in issue.

But assuming that it is the object of this proceeding to make Williamson pay for the eleven additional acres alleged to have been "recently" discovered in the tract, then it is submitted that the last six issues are eminently proper because the appellant proposes to shew by them, in connection with the other six, that he had nothing to do with the Dawson survey; that Dawson, an old and experienced surveyor, was employed by both parties to make the survey, and that he made it, and made the return of the plat and description to the executrices, without any complicity or knowledge on the part of the appellant; that he, the appellant, never knew that the tract contained more than $112\frac{1}{2}$ acres—having supposed, prior to the survey, that it contained but about 100 acres, as their advertisement shews the executrices also thought, and that without any fraud on his part, or any knowledge of a mistake, he, Williamson, sold the property long before the second survey of the executrices, for a sum certain, and not by the acre, as containing $112\frac{1}{2}$ acres, more or less. Can it be that he can be deprived of the right to shew these facts, which, it is presumed would clear him of all liability? Under such circumstances, no Court would compel him, perfectly innocent of all fraud, and having no knowledge of any error, to pay for a piece of property which he

does not own, which he never knew he bought, and which never benefited him, and to make up an alleged loss, which, not his error, but the error of a third party, the agent of his vendors, whose acts they adopted and ratified, caused them to sustain. By these six rejected issues, in connection with the six granted issues, it was proposed to shew these facts, and this state of case, and therefore, the Orphans' Court erred in refusing to allow them to be tried; *that* Court seeming to think the opinion of this Court, on the former appeal, constrained it so to do, overlooking the fact that that opinion was based on the *petition alone*, whereas, the issues are, of course, based on the petition, *answer* and general replication : the petition as containing the appellees' charges, and the answer containing the grounds of defence.

*Wm. Shepard Bryan*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

On the former appeal between these parties, 37 *Md.*, 421, it was decided that the Orphans' Court had jurisdiction to entertain the petition of the present appellees, and that they were entitled to the relief as prayed, provided they establish by competent evidence that there was an error in the survey of the land purchased by the appellant, whereby it was estimated to contain several acres less than it actually contained ; and provided the appellees were led into the error, in making their report of the quantity sold, by erroneous information communicated to them by the appellant, the purchaser.

It was also decided that to entitle the appellees to relief, it should appear that they had discovered the error, for the first time, recently, before filing their petition, or in other words, that they had not been guilty of laches and neglect, in asserting their rights.

These are substantially the propositions decided on the former appeal, and the case was remanded, to the end that

the facts might be ascertained, and the rights of the parties finally determined.

It appears from the record that the appellant filed a petition in the Orphans' Court, praying that issues might be made up, and sent to a Court of Law for trial, in accordance with Art. 93, sec. 250, of the Code, and at the same time tendered *twelve issues,* and prayed that the same should be sent for trial. The appellees, on their part, objected to the *seventh,* eighth, ninth, tenth, eleventh and twelfth of said issues; but made no objection to the first six; and on their part, suggested three issues, as proper to be sent.

The Orphans' Court, by its order, directed the three issues tendered by the appellees, to be sent, and also the first six of those tendered by the appellant; but refused to direct the last six of those.suggested by the appellant; and from that order the present appeal was taken.

We discover no error in the action of the Orphans' Court. There can be no question of the power of the Court to exercise its judgment in determining what facts were in issue between the parties, and material to be submitted to a jury for decision; and to refuse to send issues that were irrelevant and immaterial. *Munnickhuysen vs. Magraw,* 35 *Md.,* 280.

We have examined the several issues proposed by the appellant, and are of opinion that those proposed by the appellant, numbered from the 7th to the 12th inclusive, were all of them immaterial; and consequently, there was no error in refusing to send them for trial.

It seems to be necessary to notice them briefly.

As to the 7th; there is no charge or suggestion made in the petition, of a fraudulent combination between the appellant and Dawson, the surveyor, to make a false survey and description of the land, in order to make it appear to contain a less number of acres than it did actually contain; consequently the seventh issue was not material or proper.

As decided on the former appeal, the right of the appellees to relief does not rest upon the fact that a fraud was committed by the appellant, or the surveyor; but upon the fact that an error was made in ascertaining the quantity of land sold, even though it may have resulted from an honest mistake.

The 8th, 9th, 11th and 12th issues propose to raise questions with respect to the sale or disposition of the land made by the appellant, after his purchase, which are wholly immaterial to the decision of the question between these parties, involved in the present controversy.

The 10th issue raises questions not material or proper to be submitted to a jury. The fact that the attorney for the appellees received from Mr. Shoemaker, a sum which was believed to be the entire balance of the purchase money was not disputed, on the contrary, it was expressly alleged in the petition, there could be no reason for submitting it to a jury. Nor would there be any propriety in submitting to a jury to find what appeared on file among the records of the Orphans' Court, as proposed by the 10th issue.

Being of opinion that every material question of fact necessary to be determined, is presented by the issues approved by the Orphans' Court and directed to be transmitted for trial, the order will be affirmed and the cause remanded.

*Order affirmed and*
*· cause remanded.*

(Decided 18th June, 1874.)