JOHN HENRY KEENE, JR., AND OTHERS, *vs.*
GEORGE F. CORSE, AND DAVID H. CARROLL,
EXECUTORS, &c.

*Probate of Wills—Caveat.*

When a caveat to a will is filed before the same has been admitted to probate, the Orphans' Court has no power to admit the will to probate until the caveat has been disposed of.

Appeal from the Orphans' Court of Baltimore County.

On June 30th, 1894, two of the appellants, next of kin of John H. Keene, Sr., deceased, filed in the Orphans' Court of Baltimore County a notice of objections to the probate of the will of said Keene, and asked that when the same should be exhibited for probate they might receive notice and have an opportunity to file a caveat in regular form.   On July 3, 1894, the will was filed and affidavits of some of the witnesses thereto taken, and on the same day an order was passed fixing July 11th, 1894, for a hearing of the objections to the probate.   On the day named the appellants filed a formal caveat to the will, and citation to the appellees, executors therein named, was issued July 24th, returnable August 1, 1894.   On August 1, 1894, the appellants moved the Court to require an answer to the caveat, and on the same day the Orphans' Court passed an order admitting the will to probate, and granted letters testamentary to the appellees.   From this order the caveators appealed.

The cause was argued before ROBINSON, C. J., McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*John I. Yellott* (with whom was *O. I. Yellott* on the brief), for the appellant.

It is only when no objection has been made or caveat filed by some of the near relations, that probate can be

taken. Code, Art. 93, secs. 327, 331 ; *Emmert* v. *Stouffer,* 64 Md. 552. The right to have the paper propounded as a will admitted to probate, was opposed by the next of kin, in the form which gave them the right to a trial by jury and in a court of law. The admission of the will to probate denied to the contestants this constitutional and legal right. It was a judgment *in rem* conclusively establishing the validity of the alleged will. Code, Art. 93, secs. 249, 250 ; *Emmert* v. *Stouffer,* 64 Md. 553 ; *Mills* v. *Humes,* 22 Md. 358 ; *Pegg* v. *Warford,* 4 Md. 385 ; *Warford* v. *Colvin,* 14 Md. 553.

Where the validity of a will is contested, letters *pendente lite* must be granted, and the practice of the Orphans' Courts in such event may be found in a number of cases. *Hanna* v. *Munn,* 3 Md. 230 ; *Pcgg* v. *Warford,* 4 Md. 393 ; *Lee* v. *Price,* 12 Md. 253 ; *Sumwalt* v. *Sumwalt,* 62 Md. 338.

*D. G. McIntosh* (with whom was *John W. H. Fry* on the brief), for the appellees.

They cited : *Ex parte Shipley,* 4 Md. 493 ; *Jones* v. *Jones,* 41 Md. 360 ; *Cox* v. *Chalk,* 57 Md. 570 ; *Compton* v. *Barnes,* 4 Gill, 55 ; *Townsend* v. *Brooke,* 9 Gill, 91 ; *Schley* v. *McEnery,* 36 Md. 266 ; *Michael* v. *Baker,* 12 Md. 158 ; *Buchanan* v. *Turner,* 26 Md. 1. They also moved to dismiss the appeal because the order of Court in this case was passed in a summary proceeding and no evidence was incorporated in the record, citing in support of the motion, Code, Art. 5, sec. 59 ; *Cecil* v. *Harrington,* 18 Md. 510 ; *Cecil* v. *Cecil,* 19 Md. 73 ; *Gephart* v. *Strong,* 20 Md. 522 ; *Cannon Admr.* v. *Cook,* 32 Md. 482 ; *Bowling* v. *Estep,* 56 Md. 564, *Biddison* v. *Moseley,* 57 Md. 89 ; *Cox* v. *Chalk,* 57 Md. 569.

McSHERRY, J., delivered the opinion of the Court.

After the death of John H. Keene, Sr., and before his executors propounded his will for probate, two of his sons filed in the Orphans' Court of Baltimore County a written objection to the probate of the will. Later on the will was

filed, but no notice appears to have been given that upon
a specified day it would be probated. On the contrary, on
the same day that it was filed, the proof of two of the attest-
ing witnesses seems to have been taken. Some days later
and before any order had been passed by the Orphans' Court
admitting the will to probate, a formal *caveat* was interposed
and the executors were duly summoned to answer it. Sub-
sequently, and without disposing of the *caveat* at all, though
a motion had been made for the executors to answer, so that
issues might be framed, the Orphans' Court signed an order
admitting the will to probate and granting letters testa-
mentary to the executors named therein. From that order
this appeal was taken by the caveators.

The question thus presented is free from any difficulty.
By Secs. 230 and 323 of Art. 93 of the Code, the Orphans'
Courts are given jurisdiction to admit wills to probate.
Under Secs. 322, 328 and 329, the method of doing this is
prescribed. Notice is required to be first given to such of
the next relations of the deceased as may conveniently be
served therewith, as to the time of exhibiting the will for
probate ; and if, after such notice has been given, no objec-
tion shall be made or no *caveat* shall be filed, the Court is
authorized to proceed and take the proof of the execution
and publication of the will. The authority to thus proceed
and admit the will to probate obviously and in terms depends
upon the giving of the notice and the absence of an objection
or a *caveat*. Orphans' Courts are tribunals of limited juris-
diction. Their proceedings, when assailed on appeal, must
show a compliance with the provisions of the statutes con-
ferring jurisdiction upon them ; and those proceedings must
be in conformity with and not repugnant to the statutes.
Now, in the case before us, the plain letter of the statute,
as well as its manifest purpose and intention, permits the
Orphans' Courts to admit a will to probate only after notice
has been given, and if there be no objection and no *caveat*
filed. The filing of a *caveat* at any stage before an order
has been signed admitting the will to probate arrests all

further proceedings until the *caveat* has been disposed of. If this were not so, the very questions put in issue by the *caveat* would be prejudged by the Orphans' Court *ex parte*. These tribunals have no discretion when issues are demanded. "The duty of the Orphans' Court to make up and transmit issues to a Court of Law when required is imperative." *Price* v. *Taylor*, 21 Md., 363. The Orphans' Court of Baltimore County erred when in the face of the pending *caveat* it admitted the will to probate, and its order will be reversed and the cause will be remanded, that issues may be made up and transmitted to the Circuit Court for trial.

*Order reversed and cause remanded.*