WILLIAM H. HARLAN, Executor, *v.* JOHN L. G. LEE
[No. 25, April Term, 1938.]

582

*Decided June 13th, 1938.*

. The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William H. Harlan,* for the appellant.

*John L. G. Lee* and *F. Stanley Porter,* for the appellees.

PARKE, J., delivered the opinion of the Court.

Ida W. Hunter died testate in Harford County and her will was admitted to probate on October 29th, 1932. Her estate embraced real and personal property, and her executor, William H. Harlan, was given power to sell the real estate. After the payment of her debts and the charges incident to her burial and the administration of her estate, the testatrix directed by her will that her executor divide all her estate, real, personal and mixed, into three equal parts, and to dispose of the same as follows:

(a) To transfer and pay over one of said parts to her daughter, Caroline W. Lee.

(b) To transfer and pay over another of said parts to her son, John Abel Hunter, Jr., absolutely, subject to the accounting by him of a debt of $1700 due by him to the testatrix, and to the charges against him of such moneys as the testatrix may be responsible for by reason of her endorsements.

(c) To invest the remaining part and to pay to Martha

Abel Myers, a daughter of the testatrix, during the life of the daughter, the income therefrom, and such part of the corpus as the daughter might require from time to time; and, at the death of the daughter, to pay over the remaining corpus of such fund, and all income therefrom, to the children of the said Martha Abel Myers in equal shares, the children of a deceased child to take the parent's share. Should any such children die without issue before the death of the daughter or after her death and before attaining majority, the share of the one so dying passed to the survivors.

This statement of the will, without being a definitive construction, will serve to indicate its general scheme sufficiently for the purposes of the present appeal.

Having concluded that the real estate was not susceptible of division in kind so as to gratify the provisions of the will of his testatrix, the executor first sold the ground rents at private sale to himself as trustee under the will for the one-third of the estate to be held for the benefit of Martha Abel Myers and the remaindermen. On objections to this sale the Orphans' Court of Harford County refused to ratify it on the ground of inadequacy of price and directed the executor to offer the rents at auction. In obedience to this order, the executor advertised the ground rents for sale at public auction, and so sold them, with the exception of one which had been duly redeemed, to Edwin H. W. Harlan for the aggregate sum of $6,195. On reporting the sale for ratification, and after the passage of the usual order *nisi* on sale, John A. Hunter, Martha Hunter Myers, two of the beneficiaries under the will, and John L. G. Lee, an assignee of Hunter's interest, filed objections to the ratification of the sales so reported on the grounds— so far as they require mention—(1) that the advertisements did not state how the ground rent lots were improved, nor their value; (2) that the price was inadequate; (3) that the sales were not *bona fide* as the buyer was the agent of the executor; (4) that the executor had no legal right to sell the ground rents; and (5) that

the legatees and devisees under the will were opposed to the sale and desired that they should be turned over to one of the beneficiaries who desired them to be partitioned in kind.

The executor answered these objections by a denial of every factual ground of objection, and questioned the jurisdiction of the court to entertain objections which went to the construction of the will. The objectors to the ratification of the sale thereupon prayed the Orphans' Court to direct that issues be framed and transmitted to the Circuit Court for trial by a jury. The objections of the executor were overruled by the Orphans' Court, which, omitting negligible phrases, framed and transmitted these issues: (1) whether the ground rents were adequately and properly advertised according to the usual custom of such sales; (2) whether the sales were fairly conducted; (3) whether the purchaser was acting as the agent of the executor of the estate; (4) whether the sale prices were fair and adequate; (5) whether the sales were to some one other than the highest bidder; and (6) if the finding was in the affirmative on the last preceding issue, what ground rents were so sold.

In granting these issues, John L. G. Lee, assignee of John A. Hunter, and Martha Hunter Myers, were made the plaintiffs and the executor was declared the defendant. The appeal is by the executor from the order which directed these issues to be sent to the Circuit Court for Harford County.

In this order of the Orphans' Court there is a preliminary determination that the objections to the ratification of sale, the answer of the executor and the petition of the objectors for issues to be sent to a court of law shall "be considered a plenary proceedings." The propriety of this classification depends upon the fact that the procedure in the Orphans' Court is not of a formal nature, and that technical pleading is not requisite. Although its practice tends to conform to the flexible standards of courts of equity, substance is sought rather than form, except in those instances where statute exacts

a specified modal compliance. *Kealhofer v. Emmert*, 79 Md. 248, 29 A. 68; *Long v. Long*, 115 Md. 130, 134, 135, 80 A. 699, 848; *Long v. Long*, 118 Md. 198, 201, 84 A. 375; *McComas v. Wiley*, 132 Md. 406, 409, 104 A. 52.

In drawing a distinction between summary and plenary proceedings in the Orphans' Court, it is said in *Cannon v. Crook*, 32 Md. 482, 484, "the test of plenary proceedings is whether petition or bill is filed, and the parties against whom it is filed appear and answer." *Biddison v. Mosley*, 57 Md. 89, 92; *Hubbard v. Barcus*, 38 Md. 166, 172; *Pegg v. Warford*, 4 Md. 385, 396; *Barroll v. Peters*, 20 Md. 172; *Cover v. Stockdale*, 16 Md. 1, 7, 9; *Cain v. Warford*, 3 Md. 454, 462; *Bowling v. Estep*, 56 Md. 564, 566; *Flaks v. Flaks*, 173 Md. 358, 196 A. 116.

As was observed so recently as *Kerby v. Peters*, 172 Md. 1, at page 9, 190 A. 511, 514, "Under any definition of the term a plenary proceeding implies a complaint, a request for some definite relief and allegations of fact sufficient to justify the granting of that relief." Within this rule, a report of the sale of real estate by an executor pursuant to the power contained in his testator's will; an objection on relevant and material grounds to the ratification of the sale by the beneficiaries of the will, and an answer by the executor which is filed in denial of the grounds of the objection, would constitute plenary proceedings.

The orphans' court has jurisdiction to entertain and decide objections to the ratification of sales of land made in execution of a power in a will; and, after answer by the executor, a request of exceptants to the sale for issues to be framed by the orphans' court on the facts in controversy would be a permissible procedure in plenary proceedings. *Supra; Boccuti v. Spitznagle*, 166 Md. 542, 544, 546, 171 A. 35. The proceedings which have been mentioned are the equivalent of a bill or petition and answer. While the answer of the executor was not under oath, his report of sale was, and the exceptants made no point of the absence of an affidavit, but waived it by filing a petition for issues. On these pro-

ceedings and depositions, or upon the findings of the jury, the orphans' court would give judgment or decree. Code, art. 93, secs. 263-265; *Bagby's Executors and Administrators* (2nd Ed.) sec. 154; see *Holland v. Enright*, 167 Md. 604, 608, 175 A. 466; *Id.*, 169 Md. 390, 394, 395, 181 A. 836; *Dulin v. Talbot Bank*, 163 Md. 294, 162 A. 663.

All the issues which were ordered by the court were within the jurisdiction of the Orphans' Court to decide on the objections filed to the report of the sales of real estate made and reported to that court by the executor of a will in pursuance of the power granted by the testamentary paper. The statute prescribes that such sales shall not be valid or effective unless ratified and confirmed by the orphans' court, after notice by publication has been given in the same manner as prescribed in cases of sales of land under decree in equity; and the bond of such executor shall be answerable for the proceeds of sale of real estate which may come into his possession to the same extent as if it were personal estate in his hands. The only exception made to the necessity for the orphans' court to exercise its jurisdiction in the ratification of the sale is in the event that a court of equity of competent jurisdiction has assumed jurisdiction in relation to the sale of any such real estate. Code, art. 93, secs. 299-309; *Ogle v. Reynolds*, 75 Md. 145, 151, 23 A. 137; *Lochary v. Corrigan*, 132 Md. 371, 373, 103 A. 1006; *Knapp v. Knapp*, 149 Md. 217, 131 A. 327; *Warehime v. Graf*, 83 Md. 98, 34 A. 364; *Murray v. Conley*, 124 Md. 218, 222, 223, 92 A. 476.

The power of the orphans' court to grant proper issues in the matter of the sale and ratification of sale of real estate is established. In the appeal of *Montgomery v. Williamson*, 37 Md. 421, the executors under the authority conferred sold real estate of their testator as containing about one hundred acres at a specified price according to the acreage. After the sale, a survey was made, and the land was said to contain one hundred and twelve and one-half acres. The sale was then reported

to the Orphans' Court, and it was therein represented that the survey had been made in the presence and under the direction of the purchaser, and the quantity thus determined had been adopted by the two women executors. The sale was ratified as reported, but no deed was executed. Some years later the executors discovered through another survey that the tract contained ten acres, two roods and twenty-six perches of land more than had been represented to the executors by the purchaser as the correct area of the parcel. Thereupon the executors filed a petition and charged that they had been misled by the representations of the purchaser, and prayed that the order of ratification be rescinded in order that the executors might be allowed to amend their report so as to conform to actual facts, and that the sale might be ratified and the purchaser comply in accordance with the amended report. The purchaser filed an answer, which was an admission of some of the averments of the petition, and a denial of others. The Orphans' Court dismissed the petition on the ground that it had no jurisdiction. On appeal, the dismissal was reversed. In the course of the opinion of the court, which was delivered by Judge Alvey, it was said: "The great object in conferring this power of ratification upon the Orphans' Court, was, doubtless, the protection of the estate, the prevention of fraud and collusion, and to secure entire fairness in the sale; and seeing that the entire proceeds of sale are to be accounted for to the Orphans' Court for distribution under their discretion, it is difficult to perceive why that tribunal has not jurisdiction to aid and enforce that duty." *Montgomery v. Williamson*, 37 Md. 421, 427, 428. So, it was held that power to entertain this petition and to revoke, upon adequate proof, the sale was inherent in the power to ratify, on the theory that "it would be absurd to allow a court jurisdiction herein, and at the same time deprive them of the liberty of vacating and setting aside an act of their own, which was obtained from them by deceit and imposition." At pages 427-429. Accordingly,

the order was reversed and the cause remanded. After the mandate was received, the purchaser filed his petition requesting that issues might be framed by the Orphans' Court and sent to a court of law for trial in accordance with the provisions of the Code now under consideration. The purchaser tendered twelve issues. The executrices offered three issues. After a hearing, the Orphans' Court passed an order directing that the issues proposed by the executrices, and the first six tendered by the purchaser, be sent to the Court of Common Pleas of Baltimore City for trial. The case went up on an appeal by the purchaser from this order. The question for decision was the propriety of the order of the orphans' court in the rejection of the last six of the issues presented by the purchaser. The court held these issues were properly rejected, since they were irrelevant and immaterial. After stating that no error was discovered, the appellate court remarked: "There can be no question of the power of the Court to exercise its judgment in determining what facts were in issue between the parties, and material to be submitted to a jury for decision; and to refuse to send issues that were irrelevant and immaterial. *Munnikhuysen v. Magraw*, 35 Md. 280." *Williamson v. Montgomery*, 40 Md. 373, 378. What was thus stated was later repeated in a somewhat more comprehensive form in *Bridge v. Dillard*, 104 Md. 411, at page 421, 65 A. 10, 12:

"It has long been settled in this state that it is not the right of the litigant in the orphans' court, under the provisions of the statutes embodied in sections 253 and 254, art. 93, Code 1904, to have any question he may see fit to propose sent to a court of law for trial. The law directs that only such questions of fact as are properly in issue between the parties in that court shall be sent to a court of law upon the application of either party. It is the duty of the orphans' court before it takes action upon the issues presented to determine whether it has jurisdiction of the subject-matter, or whether the questions raised by the issues are properly before the court

for decision, or whether the proposed issues are irrelevant or immaterial to the questions properly before the court. If the court has no jurisdiction in the premises, if the questions are not properly before the court, or not relevant or material, it is the duty of the court to refuse to send the issues. *Smith v. Young,* 5 Gill 197; *Williamson v. Montgomery & Spencer, Executors,* 40 Md. 373; *Munnikhuysen v. Magraw,* 35 Md. 280; *Cain v. Warford,* 3 Md. 462."

In proper cases, the orphans' court is required to grant relevant, material, and correctly drawn issues when presented. *Price v. Taylor,* 21 Md. 356, 363; *Keene v. Corse,* 80 Md. 20, 22, 23, 30 A. 569; *Richardson v. Smith,* 80 Md. 89, 92-94, 30 A. 568; *Sumwalt v. Sumwalt,* 52 Md. 338, 345, 346; *Humes v. Shillington,* 22 Md. 346, 358; *Waters v. Waters,* 26 Md. 53, 72; *Reilly v. Dougherty,* 60 Md. 276, 278, 279; *Brewer v. Barrett,* 58 Md. 587, 593; *Munnikhuysen v. McGraw,* 58 Md. 557; *Id.,* 57 Md. 172, 188-191.

An accepted definition of an issue is that it is a single, certain, and material point issuing out of the allegations of the pleadings between the adverse parties. *Simmons v. Hagner,* 140 Md. 248, 250, 251, 171 A. 759; *Richardson v. Smith,* 80 Md. 94, 96, 30 A. 570.

The six issues framed by the Orphans' Court must be examined with reference to these requisites. The first issue submits for answer by the jury the question whether or not the sale of the ground rents was adequately and properly advertised according to the usual customs of such sales. The only allegation made with respect to the inadequacy of the advertisement is that the improvements on the lots out of which the ground rents issued were not stated, nor were their values given. A copy of the advertisement was filed. While it is true that the improvements are not described nor the values of the rents stated, the rents are described as valuable. The street numbers and dimensions of every lot are given, together with the rents issuing out of every one of the lots. The lots were divided accordingly as they

are irredeemable or redeemable and, if redeemable, at what percentage; and for their complete description reference was made to the deeds under which title was acquired.

The time, place, manner and terms of sale and the representative capacity of the executor were all set forth in the usual manner. The executor was under no obligation, and it would have been unwise, to advertise his own estimate of the values of the several ground rents. The advertisement was sufficient fairly to put the ground rents on the market for public sale, and there is no allegation on the part of the exceptants upon which the issue propounded may be sustained. *Miller's Eq. Proc.,* secs. 490, 491; *Knapp v. Knapp,* 149 Md. 217, 221, 131 A. 327. There must be found in the pleadings allegations which afford a sufficient basis to disclose the affirmation and denial of a material and relevant fact. There is on this record no dispute or controversy of fact as to how the sale was advertised. *Rochester v. Atty. Gen.,* 4 Brown P. C. 643, *Pym v. Boureman,* 3 Swanst. 241; *Wilson v. Jarrell,* 137 Md. 558, 567, 568, 112 A. 921; *Long v. Long,* 118 Md. 198, 201, 212, 84 A. 375; *Sloan v. Sloan,* 117 Md. 141, 149-152, 83 A. 38. Nor does there appear any averment or fact to support the submission to a jury of the fifth and sixth issues. The fifth issue was whether or not any of the rents was sold to another than the highest bidder, and the sixth issue, which was dependent upon an affirmative finding on the fifth issue, required the jury to specify the particular rents, if so sold. The pleadings contain no foundation for the granting of these two issues. On the contrary, the exceptants make it clear that the sales were to the highest bidder.

The matter of which the exceptants complain and which the executor denies is that the purchaser is "the agent of the executor and overbid all other bids * * * and that said bidder was a puffer for the sale and same was not bona fide but simply a straw sale."

These statements not only destroy any ground for the fifth and sixth issues, but they are also inadequate

to support the second issue of whether the sale was fairly conducted. Even if these asserted facts should be proved, the exceptants would not have any reason for complaint because the bidder is reported as the purchaser, and so, if it be assumed that his bids were fictitious in their origin and when made, the effect is not charged to have been prejudicial to the exceptants, but rather to their benefit, since his bidding carried the offers to their highest point, at which he became the purchaser. If the purchaser ran the prices of the ground rents up without the intention of buying, he was "hoist by his own petard," and, in the absence of any averment that his puffing became known and had chilled the bidding, there is no basis to submit to the jury whether the sale was fairly conducted. On these facts set forth in their pleadings, the exceptants have no standing to have the sale set aside on the ground that the executor had managed and carried on the sale in an unfair manner, so as to affect prejudicially their interests. *Miller's Eq. Proc.*, secs. 492-496; *Bagby's Excrs. & Admrs.*, secs. 155-158.

The third issue granted submitted to the jury to find whether the purchaser of the rents was acting as the agent of and for the executor of the estate. It will be observed that the issue is directed to the inquiry whether the purchaser is the agent of the executor. The issue conforms to the objection, which asserts that the ground rents had been bought by the agent of the executor in his representative capacity. If the purchaser were actually the agent to acquire the rents for the executor for his private account, and an objection had been made to the ratification of the sales on that ground and had been denied by the executor, the issue thus raised was a proper one for the consideration of the jury, if so desired. The general rule is that a conventional or judicial fiduciary with power to sell may not buy, either directly or indirectly, for his own benefit or as agent for a third person, at a sale made in his fiducial capacity. The rule is founded on sound considerations of public policy, and is well supported by practical experience.

Confidence in the loyalty and impartiality of a fiduciary is not maintained by one who is at once the seller and the buyer of the subject of sale. Furthermore, the danger of fraud or collusion is so great, and there is such advantage in concealment, and such difficulty of detection, exposure and establishment by evidence, that the rule is supported by weighty considerations of policy. *Perry on Trusts* (7th Ed.) secs. 770, 194-199, 209, 602V, 602W; *Miller's Eq. Proc.*, sec. 493, sec. 508, p. 601.

The effect of the rule is that should the sale be made to the purchaser as the agent of the executor in his private capacity, the law does not denounce the sale as fraudulent in fact or make it absolutely void, but voidable on objection by a party in interest. *Perry on Trusts* (7th Ed.) secs. 197-198. *Supra; Richardson v. Jones*, 3 G. & J. 163, 184; *Conway v. Green's Admr.*, 1 H. & J. 151; *North Baltimore Bldg. Assn. v. Caldwell*, 25 Md. 420, 423, 90 Am. Dec. 67; *Smith v. Townshend*, 27 Md. 368, 92 Am. Dec. 637; *Pairo v. Vickery*, 37 Md. 467, 485; *Fidelity & Deposit Co. v. Freud*, 115 Md. 29, 33, 80 A. 603; *Sessions v. Casey*, 141 Md. 312, 313, 315, 118 A. 759; *Eichelberger v. Hawthorne*, 33 Md. 588, 592; 3 *Bogert on Trusts and Trustees*, sec. 484.

Notwithstanding the importance of the rule and the salutary effect of its rigid enforcement, it is not of universal application. *Williams' Excrs. v. Marshall*, 4 G. & J. 376, 379. Thus, the rule is not applicable if the purchase be made to protect the interests of the *cestuis que trustent; (Spindler v. Atkinson*, 3 Md. 409, 423, 424), or with the agreement of the *cestuis que trustent*, if these be fully advised of their interest and rights and have adequate knowledge or information of the relevant and material circumstances of the matter (*Shockett v. Tublin*, 170 Md. 117, 126-127, 183 A. 521; 3 *Bogert on Trusts and Trustees*, sec. 484, p. 1521) or if the *cestuis que trustent* be barred from their right to avoid the sale by subsequent ratification, acquiescence, or laches (*Mason v. Martin*, 4 Md. 124, 134-137; *Hoffman Steam Coal Co. v. Cumberland Coal & Iron Co.*, 16 Md. 456, 508; *Read v.*

*Reynolds*, 100 Md. 284, 292, 293, 59 A. 669; *Love v. Rogers*, 118 Md. 525, 532, 533, 85 A. 771; *Whitelock v. Dorsey*, 121 Md. 497, 502, 88 A. 241; *Hammond v. Hopkins*, 143 U. S. 224, 12 S. Ct. 418, 36 L. Ed. 134), or if the fiduciary be authorized by statute, by the instrument creating the trust, or by the court having jurisdiction of the subject matter, provided the sale be fairly made. 3 *Bogert on Trusts and Trustees*, sec. 484, pp. 1521, 1522; Code, Art. 66, sec. 14.

In the pending appeal, the objection to the ratification of sale is that the ground rents were sold to a purchaser who is an undisclosed agent of the executor in his representative capacity. It has been seen that, after administration and distribution, one-third of the estate is held by the executor in his representative capacity as trustee under the will of his testatrix to invest and keep invested the corpus of the trust. Since the sale of the rents by the executor was for the purposes of administration and distribution, a purchase by him in his representative capacity could only be for the purpose of the investment in the ground rents of the corpus of the trust fund to be held by him as trustee under the will. As the exceptants in their objections to the ratification of the sale affirm the desirability of the ground rents as a good and suitable investment, and no question is made on that score, and as the duty to invest the corpus of the trust fund is clear, the purchase of these rents by an agent of the executor, *qua* executor, would not be intended for the private account of the executor but in the interest and for the benefit of the beneficiaries of the trust estate.

The interest of the executor as trustee in the sale of the ground rents is not in conflict with the other beneficiaries but is in common with them, since the executor as trustee under the will is entitled to an undivided one-third of the real and personal estate of his testatrix in common, until distribution with the other beneficiaries under the will. As such tenant in common, the executor as trustee should have the opportunity to acquire in

severalty any portion of the estate of the testatrix for the use and benefit of his trust. The least objectionable exercise by the executor, as trustee, of the privilege to buy, is to employ some third party as an agent. By this method, the executor does not appear as a bidder but is bound by the result of the sale to his agent, and must account for the purchase price as executor, and must, moreover, assume personally the whole responsibility of the purchase of the ground rents, so long as they remain without the sanction of a court of competent jurisdiction as a proper investment of the trust funds. Under such circumstances, the purchase is not for the private account of the fiduciary, and the reason for the rule ceases, as does its application. Thus the mere fact that the purchaser is the agent of the executor as trustee is of itself an immaterial issue. *Supra.* See *Gregory v. Lenning*, 54 Md. 51, 58; *Hopper v. Hopper*, 79 Md. 400, 404; *Whitely v. Whitely*, 117 Md. 538, 546, 84 A. 68.

While the *cestuis que trustent* or beneficiaries under the will would not have the right of election under the given circumstances, nevertheless, the objection to the sale would be sustained, if the executor failed to establish by a clear preponderance of testimony that the sales of the ground rents were fairly made, in good faith and for an adequate price. There are no allegations made to support an accusation of bad faith or that the sale was not fairly made, but there is a charge that the ground rents were not sold for their fair value. Consequently, the third issue was bad in that it confined the issue to whether the purchaser was acting as the agent of and for the executor of the estate, but failed to submit the complementary question whether the sale of the ground rents were for less than their fair value.

The fourth issue was whether the sale prices of the ground rents were fair and adequate. The issue should not have been so framed. It permitted a categorical answer in the affirmative or negative of what was within the province of the Orphans' Court to decide upon all the facts and circumstances, in accordance with its judi-

cial discretion. The jury was asked to usurp the function of the court. A sale is not set aside merely for inadequacy of price, if, in all other respects unexceptionable, unless the price is so grossly inadequate as to indicate a lack of reasonable judgment and discretion in the executor or fraud, misconduct or mistake. In determining the question of the ratification of sale because of an inadequacy of price, the court not only takes into consideration the price but also all the other circumstances which in any proximate way relate to the fairness and propriety of the sale at the time it is made. *Miller's Eq. Proc.*, secs. 504, 505; *Knapp v. Knapp*, 149 Md. 217, 222, 131 A. 327. Hence, whether the jury finds the prices received to be fair and adequate or unfair and inadequate by its answer in the affirmative or negative is not material, as it simply expresses the jury's opinion on an ultimate matter within the province of the court to determine upon equitable principles and precedents, which are not within the competence of the jury but for the guidance of the court. The fair market value of every one of the eleven ground rents at the time of the sales reported would have been a material and relevant issue to be submitted, since the jury's verdict on these several questions would have been findings which the court would have accepted and considered as true and conclusive in the consideration of the values in connection with the other facts and circumstances upon all of which the decision of the court would depend. *Bagby's Excrs. & Admrs.*, secs. 59, 146; *Williamson v. Montgomery*, 40 Md. 373, 378, 379; *Griffith v. Diffenderffer*, 50 Md. 466, 489; *Holland v. Enright*, 167 Md. 604, 608, 609, 175 A. 466. See *Boccuti v. Spitznagle*, 166 Md. 542, 544, 545, 171 A. 35; *Sumwalt v. Sumwalt*, 52 Md. 338, 346, 347; *Taylor v. Nuttle*, 62 Md. 342, 344.

The order of the Orphans' Court passed on February 8th, 1937, must therefore be reversed and the cause remanded, to the end that issues may be sent to the Circuit Court for Harford County in conformity with the opinion of this court.

*Order reversed and cause remanded.*