Munnikhuysen, *et al. vs.* Magraw, *et al.*

(Decided 12th July, 1882.)

HOWARD MUNNIKHUYSEN *vs.* ADAM R. MAGRAW, and others. MARY CARSON *vs.* SAME. ANNIE, GEORGIE R. AND SUSAN CARSON *vs.* SAME.

*Party not Entitled to maintain Suit—Laches, delay and acquiescence.*

On the 14th of October, 1873, the Orphans' Court of Cecil County, passed an order setting aside the alleged will of E. W. M., and revoking the letters testamentary previously granted to A. R. M. On the 1st of November, 1880, H. M. filed his petition seeking to have the aforesaid order of the Orphans' Court set aside and annulled. The petitioner alleged " that large property, real and

personal, was left to him in trust under the will," and claimed that as trustee under the will he had the right to impeach the validity of said order. The evidence showed that for a pecuniary consideration which he afterward received, the petitioner agreed to renounce his office of trustee as well as that of executor. In pursuance thereof he filed a petition in the Orphans' Court resigning his office as executor, and praying to be relieved therefrom, and an order was passed by the Court accepting his resignation and discharging him from the office of executor. The office of trustee, he never in fact accepted, except as such acceptance was implied by his assuming the office of executor. It was also in proof, that while the petitioner had actual notice in September, 1874, that the will of E. W. M. had been set aside, yet he took no steps to impeach the judgment until the 1st of November, 1880, when he filed his petition. On an appeal from an order of the Orphans' Court, dismissing his petition, it was HELD:

1st. That in the face of his express agreement to surrender his office as trustee, and after having received and retained a large consideration for entering into the agreement, the petitioner as trustee had no interest under the will, entitling him to maintain his suit, or to impeach the judgment of the Orphans' Court.

2nd. That even if it could be shown that the petitioner had rights under the will, his laches, delay and acquiescence were fatal objections to the maintenance of his petition.

APPEALS from The Orphans' Court of Cecil County.

The cases are stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., STONE, MILLER, ALVEY, and RITCHIE, J.

*Thomas J. McKaig, Jr.,* and *Henry W. Archer,* for the appellants.

*John P. Poe, Alexander Evans,* and *Hiram McCullough,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

These cases were before this Court at April Term 1881. At that time the appeals were from an order of the Or-

phans' Court sustaining the exception of the respondents, the present appellees, to the jurisdiction of the Court, and dismissing the petitions of the appellants. For the reasons which will be found stated at length in the opinion of this Court on the former appeals, 57 *Md.*, 172, the order was reversed and the cases remanded, with directions to the Orphans' Court to hear the testimony, and determine the cases upon the pleadings and proof.

In obedience to that direction, the Court below heard the testimony, and the arguments presented by the respective counsel, and on the 23d day of January, 1882, passed an order in each case, dismissing the petition with costs; from these orders the present appeals have been taken and, by consent, have been argued together.

The decision on the former appeals renders it unnecessary to refer to many of the questions argued at the bar.

It appears from the record that the proceedings before the Orphans' Court upon the caveat to the will of Mrs. Magraw, deceased, including the verdict of the jury in the Circuit Court, which resulted in the order of October 14th, 1873, setting aside the will, and revoking the letters testamentary, before granted to Adam R. Magraw, were all had by the consent of the caveators and of Adam R. Magraw, executor, who was sole caveatee. What might be the legal effect of the proceeding, upon the rights of parties to whom, by the will, property and estates were limited in remainder, and who were not represented in Court during the progress of the proceeding, it is not necessary now to express any opinion. Nor are we called on to construe the will, and to determine the validity of the several limitations in trust after the life estate devised by the will. The decision of these appeals depends upon the determination of other questions, which will be presently considered.

Before passing to them, however, it is proper to say that in the original petitions filed in the Orphans' Court,

upon the allegations of which alone this Court was called upon to decide upon the former appeals, the most grave and serious charges of fraud and collusion were made against counsel concerned; but upon the proof produced are shown to be entirely without foundation in fact. Errors and mistakes may have been committed, but we find nothing in the evidence to justify the conclusion that there was in fact any fraud and collusion as charged.

The only question which it is necessary for us to decide, is whether these petitioners, the appellants, are entitled to impeach the validity of the order of the Orphans' Court passed on the 14th day of October 1873, which by their petitions, they seek to have set aside and annulled. And *first* as to the petition of Mr. Munnikhuysen. It appears from the record that he claims to be a creditor of Mrs. Magraw, deceased, upon a single bill, on which he has instituted suit now pending in the Circuit Court for Howard County. On the former appeal it was decided that as creditor "he has no such interest in the question, whether the will was good or bad, as entitles him to controvert the action of the Orphans' Court about it." 57 *Md.*, 192.

Has he any standing as a trustee under the will? In his petition he alleges "that large property real and personal was left to him in trust under the will." Upon the former appeal, which came up on demurrer to the petition, this Court was of course compelled to act only upon the averments in the petition, without reference to the answer, which alleged that the petitioner had renounced and resigned his office of trustee, as well as that of executor. It appears from the evidence in the record that the statement in the answer in this respect is true.

By an amicable arrangement and settlement made on the 5th day of July 1873, signed by Mr. Poe as counsel for the caveators, and Mr. Farnandis as counsel for Mr. Munnikhuysen, the latter agreed to renounce his execu-

torship, and also to renounce his trusteeship under the will. He was paid $9000, as a consideration for this agreement. In pursuance thereof he filed a petition in the Orphans' Court resigning his office as executor, and praying to be relieved therefrom, and an order was passed by the Court on the 22nd day of July 1873, accepting his resignation, and discharging him from the office of executor.

He never in fact accepted the office of trustee, except as such acceptance was implied by his assuming the office of executor; his resignation and surrender of the latter office, left him therefore without the rights, duties and responsibilities of trustee. But if this were not so, it is clear that he cannot now set up or claim any rights under the will, as trustee, in the face of his express agreement to surrender his office as trustee, and after having received and retained a large consideration for entering into the agreement.

It follows, that neither as a creditor of the deceased, nor as a trustee has the petitioner any interest under the will, entitling him to maintain this suit, or to impeach the judgment of the Orphans' Court.

But even if it could be shown that he has rights under the will, there are other fatal objections to the maintenance of his petition. The proof shows that soon after his return from Europe in November 1873, he heard of the proceedings in the Orphans' Court, which had been instituted during his absence; and it further appears from the record of the Circuit Court for Howard County, that he had in September 1874, actual notice that the will had been set aside. Yet, he instituted no examination, and took no steps to impeach the judgment until November 1st 1880, when his petition was filed; more than seven years after the judgment was rendered, and more than six years after he had actual knowledge of it. No reference to authorities is needed to show that after such laches, delay and acquiescence his petition comes too late.

.For these reasons we are of opinion the Orphans' Court. was right in dismissing his petition.

*Second.* The appeals of *Miss Mary Carson, Miss Annie Carson, Miss Georgie R. Carson, and Miss Susan Carson,* may be considered together. They claim as legatees. under the will, and in that character, if their petitions were filed and prosecuted in good faith, they had undoubtedly the right to institute the proceeding, impeaching the judgment of the Orphans' Court.

The same allegations of fraud and collusion are made by them as are charged in the petition of Mr. Munnikhuysen, and what has been said on that subject in disposing of his appeal need not be repeated.

Without referring to the evidence in detail, we think it is proved that they were aware of the caveat to the will at the time the proceedings thereon were pending, and knew that the will had been set aside very soon after the order was passed. The same objection, therefore, on the ground of laches, delay and acquiescence which we have said would alone be fatal to the appellant in Mr. Munnikhuysen's case, is applicable to them.

But in addition to this objection, it is manifest from the proof that their suits are not prosecuted in good faith, for the purpose of asserting their rights as legatees; but that they were originally instituted and are now conducted at the instance and for the benefit of Mr. Munnikhuysen, by counsel employed by him without expense to them, and for the sole purpose of enabling him to prosecute more effectively his suit as a creditor upon the single bill held by him, which the record shows was the motive and purpose which actuated him to institute his proceeding assailing the judgment of the Orphans' Court.

It appears from the proof that these appellants, after they were aware that the will had been set aside, acquiesced therein, and relied on the promise of Adam R. Magraw to pay their legacies; and further that since their

petitions were filed, the amounts severally claimed by them as legacies have been tendered to them, principal and interest, both out of Court and in Court, and they refused to accept the same, saying, "they could not go back on Mr. Munnikhuysen." These facts show that the jurisdiction of the Court is invoked by them, not in good faith because of their interests as legatees; but to accomplish the purpose of Mr. Munnikhuysen as a creditor, and for this reason, as well as because of laches and delay, their petitions were properly dismissed.

The orders appealed from will be affirmed in each of the appeals.

*Orders affirmed.*

(Decided 12th July, 1882.)