OF MARYLAND. 79

Winchester, Trustee of Gooding, *vs.* The Union Bank of Maryland.—1829.

WINCHESTER, Trustee of GOODING, *vs.* The UNION BANK OF MARYLAND.—*December*, 1829.

The trustee of an insolvent debtor derives his right from his appointment, and the insolvent laws requiring that he shall give bond with security, for the faithful performance of his duty, before he acts as such, until such bond is given, he is not invested with the functions of trustee, and can neither sue for, nor in any manner intermeddle with the property of the insolvent.

So one appointed such trustee, having given bond after he brought suit, cannot maintain it.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit*, instituted by the appellant on the 15th day of September, 1823, against the appellees, the *President and Directors of the Union Bank of Maryland.* The pleadings and evidence were the same as in the preceding case of *Winchester*, trustee of *Williams, vs. the Union Bank,* with this difference, that after the commencement of the suit, and before trial, that is to say on the 28th of April, 1825, the appellant, as permanent trustee of *John Gooding*, filed a bond, with approved security. The defendants made the same prayers, and obtained the same instruction from the Court as in the previous case, and the verdict and judgment being in their favor, the plaintiff appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, and STEPHEN, J.

*R. Johnson,* and *Raymond,* for the appellants.

In addition to the points made in the other case, they contended, that the trustee having given bond, with security, approved by the Court, after the commencement of the suit, but before trial, the bond relates to the original appointment of the trustee, and renders the proceedings valid *ab initio.* They further contended, that the plea of *non assumpsit,* admitted the trustee to have been legally

appointed and qualified.    On the 1st additional point, they cited *the Act of* 1805, *ch.* 110, *s.* 4.    1808, *ch.* 71, *s.* 3. 3 *Bac. Abr. tit. ex'r. &c.* 52.    5 *Jacobs' L. D. tit. relation.*    On the 2nd. they referred to *Henderson vs. Parker,* 3 *Harris and Johnson,* 117.

*Taney,* (Attorney General) and *Kennedy* for the appellees, referred to *the Act of* 1805, *ch.* 110.    1808, *ch.* 71, *and* 1812, *ch.* 77.    2 *Stark. Evid.* 109.    3 *Bac. Abr.* 53.

BUCHANAN, Ch. J. delivered the opinion of the Court.

This case is, in all respects, the same as that of *Winchester,* trustee of *Williams,* against the *Union Bank,* just decided, with this difference only; that here a bond, with security, appears to have been given by the trustee, but subsequent to the bringing of the suit, though before the trial.    And it is contended, in addition to the several points raised and decided in that case, that the bond thus given, has such relation back, as to entitle the plaintiff to recover.

But this is not like the case of an executor, who derives all his interest from the will; and though *probate* is necessary to the authentication of his right, yet it is the will alone which gives it, and the *probate* is only the legitimate evidence of his title.    He may, therefore, sue, but cannot declare before probate, for he cannot assert his right in Court, as an executor, without producing his letters testamentary.    It may, more properly, be assimilated to the case of an assignee of a bankrupt, who derives his title from the assignment, which divests the bankrupt of his personal property, and vests it in the assignee from the time of the bankruptcy; or in this particular, to the case of an administrator, who derives his title from his letters of administration, and cannot sue, or do any other act, before letters of administration granted, though when administration is granted, it vests the property in the administrator by relation, from the time of the death of the intestate.

So a trustee of an insolvent debtor derives his right from

his appointment; and the insolvent laws requiring that he shall give bond, with security, for the faithful performance of his duty, before he acts as such; until such a bond is given, he is not invested with the functions of trustee, and can neither sue for, nor in any other manner intermeddle with the property of the insolvent. He is not, in contemplation of law, a trustee; his character as such is not completed, until the bond required, is given. The mere appointment, unaccompanied by his giving a bond, with security, confers upon him no power over the goods of the insolvent; but it is the bond, as constituting an ingredient in the appointment, and is the perfection of it, that gives him authority to act, and assert his rights in the character of trustee.

The bond, therefore, in this case, having been given after the suit was brought, the suit was instituted when the plaintiff was not clothed with any power to sue, or in any manner to interfere with the property of the insolvent, in the capacity of trustee, and cannot be maintained.

**JUDGMENT AFFIRMED.**