ANDREW J. WILCOXON, Administrator *vs.* LEWIS H. REESE.

*Letters of Administration—Irregularity—Revocation—Real estate Devised to be Sold—Jurisdiction of Orphans' Court—Jurisdiction in Equity—Sec. 66, of Art. 16, of the Code—Act of 1865, ch. 162.*

The granting of letters of administration *de bonis non*, with the will annexed, to a person who has no claim to the administration or interest in the estate, upon a mere *ex parte* application, without legal notice or summons to those entitled to administer, is an irregularity, and such letters may properly be revoked by the Court which granted them.

To authorize the grant of letters of administration *de bonis non*, there must be something remaining to be done to complete the administration of the estate of the deceased, or some function to be performed in regard to it; otherwise such letters would be simply nugatory.

A testator devised certain real estate to his wife for life, and after her death that the same should be sold by his executor named in the will, and the proceeds divided as therein directed. The party named as executor died in the life-time of the testator. HELD :

1st. That the Orphans' Court had no jurisdiction over the matter of the sale of the real estate devised to be sold.

2nd. That the only jurisdiction competent to supply a trustee to execute the power of sale, was that vested in a Court of equity by section 66, of Article 16, of the Code.

3rd. That if the person named in the will as executor had survived the testator, and become clothed with the power of sale and then died without executing the same, it would have been lawful for the Orphans' Court, upon petition of any party interested, to appoint an administrator *de bonis non*, with the will annexed, to exercise the power of sale conferred upon the person named as executor in the will. (Act of 1865, ch. 162.)

APPEAL from the Orphans' Court of Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, RITCHIE, and BRYAN, J.

*William Wilcoxon,* and *James McSherry,* for the appellant.

*Milton G. Urner,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

Jacob Reese died in 1872, and by his last will, executed by him in 1865, which was admitted to probate, he appointed John Derr his executor. Derr died in the life-time of the testator, and upon the probate of the will, soon after the death of the testator, letters testamentary were granted to John Getzendanner. Why such letters

* Mr. Wilcoxon, though present, took no part in the argument.

were granted, instead of letters of administration with the will annexed, is not apparent, nor is it material in this case to inquire. Getzendanner proceeded under his letters, and completed the administration in 1873. By the will of the testator he devised certain real estate therein mentioned to his wife for life, and after her death that the same should be sold by his executor named in the will, and the proceeds divided as therein directed. Getzendanner, the party to whom the letters testamentary had been granted, died in 1879, and the widow of Jacob Reese, the testator, survived until the 8th of November, 1884. It was not until then that the power of sale of the real estate could, under the will be executed; and as the personal estate had been fully administered, there was no occasion or legal ground for the grant of letters of administration *de bonis non*, until after the death of the devisee for life, even supposing that the power of sale under the will could, under the special circumstances of the case, be exercised by an administrator *de bonis non*, with the will annexed. But it appears that in 1879, immediately after the death of Getzendanner, upon a mere *ex parte* application, without legal notice or summons to those entitled to administer, the appellant, who had no claim to the administration or interest in the estate, was granted letters of administration *de bonis non*, with the will annexed, though there was nothing whatever then to be administered. These letters were held in a state of dormancy until after the death of Mrs. Reese, when it was claimed that the appellant, by virtue of his letters of administration *de bonis non*, with the will annexed, had the right and power under the will to sell the real estate. It was then that an application was made to the Orphans' Court to revoke the letters previously granted to the appellant, and to grant similar letters to the appellee, he being a nephew of the testator and one of the parties interested in the proceeds of the sale of the real estate devised to be

sold. The letters held by the appellant were revoked, and letters were granted to the appellee, by an order of the 4th of December, 1884, and it is from that action of the Orphans' Court that this appeal is taken.

It is certainly clear that the Orphans' Court are not clothed with power to appoint an administrator *de bonis non, cum testamento annexo;* whom they please, and when they please, without summons or legal notice to the parties entitled to such letters. Here the appointment of the appellant was not only irregular, but was prematurely made, even upon the claim of the appellant that an administrator *de bonis non,* with the will annexed, could properly execute the power of sale after the death of the devisee for life. *Thomas vs. Knighton,* 23 *Md.,* 318. And that being the case, the Orphans' Court committed no error in revoking the letters granted to the appellant; and from that part of the order granting letters of administration *de bonis non,* with the will annexed, to the appellee, the appellant has no interest in the subject-matter to entitle him to appeal.

But had the Orphans' Court any power to grant letters of administration *de bonis non, cum testamento annexo,* simply for the purpose of making the sale of the real estate under the will? It is conceded that there was no other purpose in view in granting the letters, as there had been complete administration of the personal estate long before. To authorize the grant of letters of administration *de bonis non,* there must be something remaining to be done to complete the administration of the estate of the deceased, or some function to be performed in regard to it; otherwise such letters would be simply nugatory. *Code, Art.* 93, *sec.* 70. It is supposed, however, that such administrator, *de bonis non,* with the will annexed, could exercise the power of sale conferred upon the person named as executor in the will, under the Act of 1865, ch. 162, and therefore it was competent to the Orphans' Court

to grant the letters simply for that purpose. But, under the circumstances of this case, we are not of that opinion. By the terms of the Act of 1865, ch. 162, it is only where the executor named in the will "shall *refuse* or *decline* to act, or shall die without *executing* the power *vested in him,*" that "it shall and may be lawful for the several Orphans' Courts of this State, upon petition of any party *interested,* to appoint an administrator *de bonis non,* with the will annexed, or to empower the administrator with the will annexed, previously appointed, to execute the trusts of said will, in the same manner and to the same extent as the executor or executors appointed by will could or might do." Now, if the person named in the will as executor had survived the testator, and become clothed with the power and then died without executing the same, the case would have been quite different. In such case, the jurisdiction of the Orphans' Court to grant the letters, in respect to the power of sale, could have been well exercised. *Keplinger vs. Maccubbin,* 58 *Md.,* 203. But without the express provision of the statute no administrator *de bonis non,* with the will annexed, could exercise the power of sale of the real estate which had been conferred alone upon the executor named in the will. Here the party named as executor having died in the life-time of the testator, and the will speaking only from the death of the latter, there was in reality no executor of the will, and, of course, the power of sale never vested in any one. Consequently, the Orphans' Court, under the facts of this case, had no jurisdiction over the matter of the sale of the real estate devised to be sold. The only jurisdiction competent to supply a trustee to execute the power of sale, is that vested in a Court of equity by the *Code, Art,* 16, *sec.* 66.

The order of the Orphans' Court, in so far as it revoked the letters of administration *de bonis non, cum testamento annexo,* granted to the appellant, is affirmed; but the

appeal from the order in respect of the appointment of the appellee as administrator *de bonis non, cum testamento annexo,* of Jacob Reese, deceased, is dismissed.

> *Order affirmed in part, and*
> *appeal dismissed as to part,*
> *with costs to appellee.*

(Decided 29th May, 1885.)