(Decided 13th October, 1891.)

RICHARD M. VENABLE *vs.* THE MERCANTILE TRUST AND DEPOSIT COMPANY OF BALTIMORE, Administrator of ELIZA C. GILL.

*Construction of Will—Mandatory power of Sale—Administrator with Will annexed.*

When a testatrix directs that the rest, residue and remainder of her estate shall be divided by her executor into three equal parts, with full power to sell the same, or any part thereof for the purpose of paying legacies, or dividing and settling her estate, the power of sale conferred on her executor is mandatory.

Section 283 of Article 93 of the Code provides that whenever a testator has directed his real estate to be sold for the payment of debts, or for any other purpose, and the executor named shall decline to act, it shall be lawful for the Orphans' Court, upon petition of any party interested, to appoint an administrator with the will annexed, to execute the trusts of the will in the same manner and to the same extent, as the executor could or might do. HELD :

That when a mandatory power of sale is conferred on an executor who declines to act, the administrator with the will annexed, appointed in his stead, has like power of sale.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J., for the appellee, and submitted on brief for the appellant.

*Richard M. Venable,* for the appellant.

The appellee had no authority to sell the house. The will by its terms imposed a *trust* on Louis C. Fischer to *divide* the residue of the estate; it did not confer a mere (discretionary) *power* to divide. The phraseology is mandatory, it is a direction and not an authority. *Lewin on Trusts,* 600, 611–14, 839; *Perry on Trusts,* sec. 249.

Equity would enforce this trust, and on the declination of Mr. Fischer, would appoint a trustee to carry out the trust. *Same authorities; Peter vs. Beverly,* 10 *Pet.,* 532, 564.

The Orphans' Court had no authority to appoint a trustee to carry out this *trust* of *making a division of the estate.* Nor did this *trust* devolve on the administrator *c. t. a.* on his appointment; the only trust *that* can devolve on an administrator *c. t. a.* is that of *selling* under 1865, chapter 162, section 1, now sec. 283 of Art. 93, of the Code. *Art.* 93, *sec.* 283, *of the Code; Keplinger vs. Maccubbin,* 58 *Md.,* 203, 211; *Wilcoxon, Adm'r vs. Reese,* 63 *Md.,* 542, 545; *Eichelberger, Ex'r vs. Hawthorne,* 33 *Md.,* 588, 591.

There is here no *trust* to sell, the power is discretionary ("with full power," &c.); it is committed personally to Mr. Fischer ("my executor hereinafter named") and he is or is not to sell, as his discretion might determine. It might or might not be necessary to sell. This Mr. Fischer (the trustee) was alone authorized to determine.

The statute (Art. 93, sec. 283, of the Code,) was not designed to pass to administrators *c. t. a.* any powers where there was a margin of discretion partly dependent on circumstances. A trust with such latitude of discretion left to the trustee could only be administered and controlled in equity. The statute contemplates a mandatory trust or power. A part of the theory on which the power of appointing administrators *c. t. a.* to administer this class of trusts is that the mandatory power has converted the property into personalty, which would properly place it within the control of a probate Court. It extended the power of the probate Court to property equitably converted into personalty. *Davis vs. Clabaugh,* 30 *Md.,* 508, 510; *Hurtt vs. Fisher,* 1 *H. & G.,* 88, 96.

Furthermore, the power to sell is attached to the office of trustee (to divide); it is coupled with the interest in the trustee. The will vests in the trustee such estate as is requisite to enable him to perform the trust. *Hawkins vs. Chapman,* 36 *Md.,* 94; *Long, et al. vs. Long, et al.,* 62 *Md.,* 33; *Spessard, et al. vs. Rohrer, et al.,* 9 *Gill,* 261.

And it is with this estate that the power is coupled. This estate has not passed to the administrator *c. t. a.,* and the power coupled with it has not passed to such administrator. So soon as equity appoints a trustee to divide, this power would pass to him, unless it should be held to be so strictly personal as to have perished on the declination of Mr. Fischer.

*Stewart Brown,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an amicable suit for the purpose of obtaining a construction of Art. 93, sec. 283, of the Code of Public General Laws, and to ascertain whether, under the powers of the will of a certain Eliza C. Gill, the admin-

istrator *cum testamento annexo*, has authority to sell her real estate. The facts are admitted on bill and answer, and are these: Eliza C. Gill of Baltimore City departed this life sometime in the year 1890, leaving a last will and testament, in which among other things, she disposes of the residue of her estate in the following manner: "It is my will that all the rest, residue and remainder of my estate, real, personal and mixed, shall be divided by my executor hereafter named, into three equal parts or shares. And lastly, I constitute and appoint Louis C. Fischer to be sole executor of this my last will and testament, with full power to sell the same or any part thereof, for the purpose of paying said legacies or dividing and settling my estate, and to convey," &c. Louis C. Fischer, the executor named in the will, declined to serve, and the Orphans' Court appointed the appellee administrator *c. t. a.* of the estate. The appellee, under the powers of the will, sold some of the property mentioned in its residuary clause to the appellant, who has since declined to comply with the contract of sale, upon the want of authority in the administrator to make the sale. And this appeal is from a decree directing the specific performance of the contract of purchase and sale. The only question, therefore, is as to the construction of the power and authority given the executor by the will of the testatrix, to sell her real estate, and the application of sec. 283 of Art. 93 of the Code thereto. This section is as follows: In all cases in which a testator, by will, has directed his real estate to be sold for the payment of debts, or for any other purpose, and the executor or executors therein named shall refuse or decline to act, or shall die without executing the powers vested in him or them, it shall and may be lawful for the several Orphans' Courts of this State, upon petition of any party interested, to appoint an administrator *de bonis non*, with the will annexed, or to empower the adminis-

trator with the will annexed, previously appointed, to execute the trusts of said will in the same manner and to the same extent as the executor or executors appointed by will could or might do.

We think it is manifest from a reading of this Act, that the administrator *c. t. a.* in this case had power to make said sale, if the power of sale was conferred by the language of the will of the testatrix upon the executor. This Act was before this Court for consideration in the cases of *Keplinger vs. Maccubbin*, 58 *Md.*, 212, and *Wilcoxon, Adm'r vs. Reese*, 63 *Md.*, 546, and while the facts of those cases are somewhat different from this case, yet it was held, that the design of the Legislature in conferring this jurisdiction upon the Orphans' Court was to save in ordinary cases, the expense and delay incident to chancery proceedings, and that it met and covered a case where an executor shall refuse or decline to act. But it is contended on the part of the appellant, that the power conferred upon the executor was not mandatory but discretionary, and that even if said power was mandatory it was ancillary to the duty or trust imposed on said executor to divide the rest and residue of the estate, and that said trust and duty has not passed to the appellee, nor has said power. To this contention we cannot assent. The language of the will is plain and unambiguous: "It is my will that all the rest, residue and remainder of my estate, real, personal and mixed, shall be divided by my executor hereafter named," and the power is here given for the purpose of paying legacies or dividing and settling her estate. The power to sell conferred by this will is mandatory, especially as the facts of the case show, that the property was not susceptible of partition, and it was necessary to sell in order to make a division. The will therefore directing and authorizing a sale by the executor in this case comes within the statute, which authorizes the administrator *c. t. a.* "to execute the

trusts of a will in the same manner and to the same extent as the executor appointed by will could or might do." The statute means that the administrator *c. t. a.* succeeds to the power of sale, wherever a testator has not directed only, but where he authorized and directed a sale of real estate for the settlement of the estate. The intention of the Legislature was to confer upon the administrator *c. t. a.* all the power and authority to sell, which the original executor derived from the will. Any other construction would force the parties to chancery proceedings which the object of the Act was intended to prevent. *Dent vs. Maddox, et al.,* 4 *Md.,* 530. We are therefore of opinion that the appellee, as administrator *c. t. a.* of Eliza C. Gill, has, under the will and by virtue of the provisions of the statute, power and authority to sell and convey any and all of the real estate left by said testatrix, for the purpose of paying legacies or dividing and settling her estate.

The decree will be affirmed, the costs in this Court to be paid out of the said estate.

*Decree affirmed.*