## ALBERT O. MURRAY.

*vs.*

MARY E. CONLEY AND JOHN A. CONLEY, ADMINIS-
TRATORS *c. t. a.* OF MARGARET J. WILLIAMS.

*Testamentary law*: *powers of sale to executors; failure or re-*
*fusal to act; appointment of administrators c. t. a.;*
*section 291 of Article 93 of the Code.*

The purpose of section 291 of Article 93 of the Code was to
avoid the cost and delay incident to chancery proceedings, and
to confer upon the administrator *d. b. n.,* with the will annexed,
or the administrator with the will annexed, appointed by the
Orphans' Court, "all the power and authority to sell, which the
original executor derived from the will." p. 221

It includes every case where an executor refuses or declines
to act, or died without executing the power given him by the will.
p. 221

The provisions of the Code are not limited to cases where a
will has been admitted to probate, and the executor dies after
qualifying and receiving his letters without executing his
powers. p. 221

The powers, in such cases, conferred upon an administrator,
*c. t. a.,* are not powers acquired by virtue of the probate and the
qualification of the administrator, but are powers derived from
the will. p. 221

A testator devised real estate to a devisee for life, upon
his death, to be sold by the executor, named in the will, and
the proceeds divided among his nephews and nieces; the will
was not probated until after the death of the life tenant and
executor; letters of administration *c. t. a.* were granted, and
the administrator ordered to sell the property as directed by
the will; upon an appeal from an order overruling exceptions

to the ratification of the sale, on the ground of want of juris-
diction of the Orphans' Court to direct the sale, it was: *Held,*
that the facts brought the case under the provisions of section
291 of Article 93 of the Code of 1912, which confer upon the
Orphans' Court jurisdiction to direct a sale, where the executor
dies without having exercised the power of sale conferred by
the testator, and the order *was affirmed.*        p. 223

*Decided November 11th, 1914.*

Appeal from the Orphans' Court of Washington County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*J. A. Mason,* for the appellant.

*Robert H. McCauley* and *Harry A. Humrichouse,* for the
appellees.

THOMAS, J., delivered the opinion of the Court.

Margaret J. Williams, of Washington County, Maryland,
died in January, 1910, leaving a last will and testament,
which was admitted to probate by the Orphans' Court of
said county on the 22nd of July, 1913.

By her said will the testatrix devised her house and lot in
Williamsport, Maryland, to her brother, James H. Anderson,
for life, and directed that after his death the property should
be sold by her executor therein named, M. Emmitt Cullen,
and the proceeds divided among her nephew, niece and two
daughters therein named, as therein provided.

M. Emmitt Cullen, the executor appointed by the will, died
in January, 1911, and the will was not admitted to probate
until after the expiration of the life estate of James H.
Anderson in 1913, when letters of administration, *cum testa-
mento annexo,* were granted to Mary E. Conley and John A.

Conley, who were, by an order of the Orphans' Court, authorized and directed to sell the property in accordance with the provisions of the will.

After the property was sold, and the sale was reported to the Orphans' Court, Albert O. Murray, the purchaser, filed exceptions to the sale on the ground that the Orphans' Court had no "jurisdiction or power to pass said order" authorizing and directing a sale of the property. The exceptions were answered by the administratrix and administrator, *cum testamento annexo,* and after a hearing the Orphans' Court passed an order overruling the exceptions and ratifying the sale, from which order the purchaser has appealed.

Section 291 of Article 93 of the Code of 1912 provides:

"In all cases in which a testator, by will, has directed his real estate to be sold for the payment of debts, or for any other purpose, and the executor or executors therein named shall refuse or decline to act, or shall die without executing the powers vested in him or them, it shall and may be lawful for the several Orphans' Courts of this State, upon petition of any party interested, to appoint an administrator *de bonis non,* with the will annexed, or to empower the administrator with the will annexed, previously appointed, to execute the trusts of said will in the same manner and to the same extent as the executor or executors appointed by the will could or might do."

The theory of the appellant is that as the executor named in the will died before the will was admitted to probate he "never had an opportunity to refuse or decline to act as executor," and that the power of sale given by the will never vested in him, his contention as to the last proposition being that such a power cannot become vested in an executor until the will is admitted to probate, and he has accepted the trust, qualified and received letters testamentary.

This Court has repeatedly held that the purpose which this section of the Code was designed to accomplish was to avoid the cost and delay incident to chancery proceedings,

and that the intention of the Legislature was to confer upon the administrator *de bonis non,* with the will annexed, or the administrator with the will annexed, appointed by the Orphans' Court "all the power and authority to sell which the original executor derived from the will." *Keplinger* v. *Maccubbin,* 58 Md. 203; *Venable* v. *Mercantile T. & D. Co.,* 74 Md. 187; *Bay* v. *Posner,* 78 Md. 42. With that end in view, the language employed clearly indicates the intention of the Legislature to include every case in which an executor refuses or declines to act, or dies without executing the power given him by the will. Accordingly it was held to apply where one of the executors refused to act, and the other, after having administered the personal estate, died without having executed the power of sale given by the will (*Keplinger* v. *Maccubbin, supra*); where the will was admitted to probate and the executor declined to serve (*Venable* v. *Mercantile T. & D. Co., supra*); where the executors, after having received letters testamentary, were, on their own petition, relieved from the executorship (*Bay* v. *Posner, supra*), and where the executor appointed by the will qualified, but was subsequently removed because of his failure to give counter security, the Court holding that his refusal to give the required security was a refusal to act within the meaning of the section referred to (*Wright* v. *Williams,* 93 Md. 66).

The provision of the Code does not limit the jurisdiction of the Orphans' Court to cases in which the will has been admitted to probate, and the executor, after having qualified and received letters testamentary, dies without having executed the powers vested in him, and the powers referred to in the statute are not powers acquired by virtue of the probate and his having qualified and received letters testamentary, but the powers *derived from the will,* and whenever these powers become vested in the executor, the Orphans' Court is given jurisdiction upon his refusing or declining to act, or dying without having executed them.

The probate of a will establishes the *factum* of the will, which then speaks and takes effect from the time of the death

of the testator. *Buchanan* v. *Turner,* 26 Md. 1; *Wilcoxen v. Reese,* 63 Md. 542. M. Emmitt Cullen having survived the testatrix, the powers conferred upon him as executor by the will vested in him upon the death of the testatrix.

It is said in 1 *Williams on Executors* (10 Ed.), 214: "The probate is, however, merely operative as the authenticated evidence, and not as the foundation, of the executor's title; for he derives all his interest from the will itself, and the property of the deceased vests in him from the moment of the testator's death. Hence the probate, when produced, is said to have relation to the time of the testator's death." A similar statement is found in the note in 1 *Jarman on Wills* (6 Ed.), 37, where it is said: "Probate is, however, operative merely as the authenticated evidence, and not at all as the foundation of the title to the property disposed of by the will. The title passes to the devisee or legatee at the death of the testator, and the probate of the will relates back to that time." In the case of *Woolley* v. *Clark,* 5 Barn. & Alderson, 744, Abbott, C. J., states the rule as follows: "There is a manifest distinction between the case of an administrator and an executor. An administrator derives his title wholly from the ecclesiastical court. He has none until letters of administration are granted, and the property of the deceased vests in him only from the time of the grant. An executor, on the other hand, derives his title from the will itself, and the property vests in him from the moment of the testator's death." This is the principle generally recognized in respect to the title of an executor, and it is the one firmly established in this State. In *Winchester* v. *Union Bank,* 2 G. & J. 79, Chief Judge Buchanan said that an executor "derives all his interest from the will; and though probate is necessary to the authentication of his right, yet it is the will alone which gives it, and the probate is only the legitimate evidence of his title. He may, therefore, sue, but cannot declare before probate, for he cannot assert his right in Court, as an executor, without producing his

letters testamentary." And in the very recent case of *Decker* v. *Fahrenholtz,* 107 Md. 515, JUDGE PEARCE, speaking for this Court, said: "The general doctrine is that the title and rights of the executor are created by the will and not by the probate, which is merely evidence of such title and rights, and in this respect the probate relates back to the death of the testator. 23 *Am. & Eng. Enc. of Law,* 2 Ed. p. 136. This is the Maryland law." He then quotes the statement of CHIEF JUDGE BUCHANAN, referred to above, and adds: "The person named as executor can not be disregarded by the Court unless he is for some reason disqualified to act, and the authority of the Court is limited to qualifying the executor and issuing letters testamentary."

Learned counsel for the appellant relies upon the case of *Wilcoxen* v. *Reese, supra,* but the ruling of the Court in that case is in entire accord with what we have here said. There the executor died before the testator, and the Court held that the power of sale given by the will never vested in anyone, because as a will speaks only from the death of the testator, there "was in reality no executor of the will." CHIEF JUDGE ALVEY said, however: "Now, if the person named in the will had survived the testator, and become clothed with the power, and then died without executing the same, the case would have been quite different." In the case at bar the executor did survive the testatrix, and was, therefore, clothed with the power conferred by the will, which speaks from the date of her death.

We think the facts of this case bring it clearly within the provision of the section of the Code referred to, which confers upon the Orphans' Court jurisdiction to direct a sale of the property of a testator where the executor dies without having executed the powers of sale vested in him, and we must, therefore, affirm the order from which this appeal was taken.

*Order affirmed, with costs to the appellee.*