(Decided June 19th, 1896).

---

## STEPHEN L. BROOKS AND MICHAEL S. BROOKS vs. FREDERICK BERGNER.

*Executors and Administrators—Sale of Leasehold Property Under General Power of Sale in Will Must be by Order of Orphans' Court.*

An executor authorized by the will in general terms to sell the property of the estate to pay debts, &c., cannot make a sale of *leasehold* property without having previously obtained an order of the Orphans' Court directing such sale to be made, since Code, Art. 93, sec. 276, provides that no sale shall be made by an executor or administrator without an order being first had.

If a testator desires a power of sale to be exercised by his executor without application to the Orphans' Court, it should be so stated in the will.

Appeal from an order of the Orphans' Court of Baltimore City, sustaining exceptions to a sale reported by appellants as executors for ratification.

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*George R. Willis* and *Jos. W. Hazell* (with whom was *Ferdinand C. Dugan* on the brief), for the appellants.

*S. J. Harman* and *Charles H. Knapp* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the first day of April, 1895, Stephen L. Brooks, one of the executors of John D. Brooks, late of Baltimore City, deceased, sold to the appellee, Frederick L. Bergner, certain leasehold property, situate in Baltimore City, under the following power in the will of his testator :

" I hereby authorize my executors and trustees, if it becomes necessary at any time during the existence of the trusts aforesaid, to sell, lease or mortgage any of the property of said estate, in order to pay debts or charges upon my estate, and I further authorize them to make changes or investments of said property or estate, or do whatever they may deem advantageous to the interests of said estate."

On the 14th day of May of the same year, an order was obtained from the Orphans' Court of Baltimore City, authorizing Stephen L. and Michael S. Brooks, the two executors named in the will, to sell at private sale, the same property, and on the 21st of May they reported to the Court, "That in pursuance of the powers and authority in said will contained, these executors and trustees have sold at private sale unto Frederick Bergner, Junior, at and for the price or sum of five thousand dollars cash, all that lot of ground and premises situate, lying and being in Baltimore City " and fully described in their report of sale. Exceptions were subsequently filed by the purchaser, Bergner, and from the order sustaining these exceptions and vacating the sale, this appeal is taken.

It is admitted that the sale was made without a previous order of the Orphans' Court, and the only question, then, it becomes necessary for us to consider, is whether these executors were authorized by the power of sale contained in this will to make sale of the leasehold property, without application to the Orphans' Court and an order of that Court being first had and obtained, directing them so to do. There can be no doubt that prior to the Act of 1843, chap-

ter 304, now constituting sec. 276 of Art. 93 of the Code,
an executor could sell the property of his decedent without
the previous authority of the Orphans' Court granting his
letters.    In the case of *Allender* v. *Riston*, 2 G. & J. 86, the
rule was recognized that if there be no collusion the bare
act of sale of the assets by the executor is sufficient in-
demnity to the purchaser.

But by sec. 276 of Art. 93 of the Code it is expressly pro-
vided that " no executor or administrator shall sell any
property of his decedent without an order of the Orphans'
Court granting his letters being first had and obtained, au-
thorizing such sale ; and any sale made .without an order of
Court previously had, as aforesaid, shall be void, and no
title shall pass thereby to the purchaser." It will be thus
seen that both executors and administrators are not only
prohibited from making sale of any property of their de-
cedents (except the sale of real estate of a testator, which is
provided for in sec. 282 of the same Article), without an
order of the Orphans' Court, but that such sales are abso-
lutely void, and the purchaser takes no title to the property
thus attempted to be sold.    The appellants, however, con-
tend that by virtue of section 279 of Article 93 of the Code,
nothing contained in section 276 of the same Article shall
be construed to apply to cases where an executor shall be
authorized by will of his testator to make sale of any prop-
erty, without application to the Orphans' Court.    And that
under the power of sale of the will they were authorized
to make a sale of this property, *without application to the
Orphans' Court* of Baltimore City.    But we cannot assent
to this interpretation of sec. 279 of Art. 93 of the Code.
The words " without application to the Orphans' Court "
must be expressed by the testator in his will, in connection
with the power of sale, to authorize a sale without an order
of the Orphans' Court first had and obtained.

Where, then, a power of sale is conferred by the will and
the testator desires it to be exercised "without application
to the Orphans' Court," it should be so stated in the will in

connection with the power granted to sell. It is expressly provided by the 276 section that an executor shall not sell without an order of the Court. If, then, the testator desires the power to be exercised without such order, it should be so expressed in the will. The testator, then, in this case having omitted in the will to direct a sale, without application to the Orphans' Court, the sale made herein without such order was void, and no title passed thereby to the purchaser.

We shall affirm the order appealed from and direct the costs to be paid out of the estate.

> *Order affirmed, costs in both Courts to be paid out of the estate.*

(Decided June 16th, 1896).