## FREDERICK LOCHARY, Executor,

### *vs.*

## JAMES H. CORRIGAN.

*Executors: power to sell real estate; preliminary order of Orphans' Court.*

When an executor is authorized by will to sell real estate, he does not require an order of the Orphans' Court prior to the sale to enable him to execute the power so conferred.     p. 372

Such sale must be reported and ratified by the Orphans' Court, but no preliminary order is essential to its validity.
                                                        pp. 372-373

*Decided February 28th, 1918.*

Appeal from the Orphans' Court of Harford County.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Stevenson A. Williams,* for the appellant.

*James H. Corrigan* submitted a brief for the appellee.

Urner, J., delivered the opinion of the Court.

As surviving executor of the will of Mary Calwell, late of Harford County, the appellant is invested with express authority to sell certain real estate of which the testatrix died seized. The will directed the executors, or the survivor of them, to retain the appellee in the settlement of the estate. This direction has been followed throughout the administration, which is completed except as to the sale of the real estate to which we have referred. It was provided by the will that this property, consisting of a farm in the occu-

pancy of a brother of the testatrix, should not be sold until
his death. That event having recently occurred, the appellee
prepared a petition, in the name of the appellant as executor,
addressed to the Orphans' Court of Harford County, refer-
ring to the power of sale contained in the will and praying
that an order be passed authorizing the petitioner to sell the
farm upon such terms as the Court might prescribe. The
appellant declined to sign the petition thus prepared and
presented by the appellee, who thereupon filed in the Or-
phans' Court a petition in his own name which alleged his
previous employment and service as attorney for the execu-
tors in the administration of the estate, as provided by the
will, and the refusal of the appellant to sign the petition for
an order authorizing the land to be sold, although the time
for such sale, under the terms of the will, had arrived, and
prayed that the appellant be summoned before the Court to
fulfill his duty as executor on pain of revocation of his letters
testamentary. To this petition the appellant filed an answer,
in which he admitted that he had refused to sign the peti-
tion presented by the appellee, but averred that the paper
had not been prepared at his request and that the appellee
had not been employed for that purpose. The answer fur-
ther stated that the services of an attorney were not needed
in connection with the sale of the farm, and that the time
was not then suitable for the sale. The right of the appellee
to intervene in the manner and for the object we have indi-
cated was denied by the answer. Upon consideration of the
appellee's petition and the appellant's answer, the Orphans'
Court passed an order directing the appellant, as executor,
to sign the petition, prepared by the appellee, for the sale of
the farm on or before a date designated in the order. This
action is the occasion of the pending appeal.

When an executor is authorized by will to sell real estate,
he does not require an order of the Orphans' Court prior to
the sale to enable him to execute the power thus conferred.
The sale must be reported to and ratified by the Court, but a

preliminary order authorizing the sale is not essential to its validity. The statute which specifically deals with this subject provides: "In all cases where an executor may be authorized and directed to sell the real estate of a testator, such executor may sell and convey the same, and shall account therefor to the Orphans' Court of the county where he obtained letters, in the same manner that an executor is bound to account for the sales of personal estate; * * * But such sale shall not be valid or effectual unless ratified and confirmed by the Orphans' Court, after notice by publication given in the same manner as practiced in cases of sales of lands under decrees in equity; * * * ." *Code,* Article 93, section 290. A different provision has been made in reference to sales of other classes of property, as to which the statutory rule is that no such sale shall be made without a previous order of the Orphans' Court (*Code,* Article 93, section 284). That this provision has no relation to sales of real estate which the will authorizes and directs the executor to sell, has heretofore been stated by this Court in the case of *Brooks* v. *Bergner,* 83 Md. 354.

It thus appears that there was no necessity for the petition which the appellee submitted to the appellant, and which the Orphans' Court ordered him to sign. The appellant's duty to the estate and to the Court could be fully performed without the observance of such a formality. The order from which he has appealed sought to compel him to do an act and to accept a professional service which was altogether superfluous. Whatever may be the appellee's right to be employed in the further course of the administration, for such legal service as may be reasonably necessary in view of the direction in the will that he be retained in the settlement of the estate, it is clear that he was not entitled to insist upon the preparation and filing of the petition in controversy, and we are of the opinion also that the order of the Orphans' Court requiring the appellant to sign such a petition was erroneous.

*Order reversed, with costs.*