## NATHANIEL S. WEINSTEIN

### *vs.*

## J. COOKMAN BOYD, EXECUTOR.

*Sale by Executor—Submission for Ratification—Inadequacy of Price—Record on Appeal—Remarks of Trial Court.*

Even though an executor is authorized by the will to sell without an order of the Orphans' Court, he may nevertheless submit a sale made by him for ratification by the court, and if he does so, and an order *nisi* is published, at the instance of the purchaser, the court has jurisdiction to entertain exceptions to the sale subsequently filed by persons interested in the estate on account of inadequacy of price. p. 233

Even though an executor is authorized by the will to sell without the intervention of any court, he is without authority to sell to one person when he has received a better offer from another. p. 234

In the case of private sales, slight inadequacy of price and a reasonable expectation of a better price are sometimes sufficient to justify the setting aside of sales where the approval of a court is necessary, or where it is invoked; while in the case of a public sale, the inadequacy must be gross, and the prospect of a better price practically demonstrable, or the circumstances such as to indicate the absence of fair competition. p. 234

It was within the discretion of the Orphans' Court, in the course of the hearing of exceptions to a sale, to refuse to consider an affidavit, or to permit the affiant to testify, as to the value of the property, when produced after the close of the testimony but before argument, it being then represented to the court that although returned as summoned the witness had not really been summoned. p. 234

The remarks of the trial judge to counsel trying the case as to his knowledge of the *locus in quo* cannot be considered on appeal and should not be incorporated in the record. p. 235

*Decided March 16th, 1920.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before BOYD, C. J., THOMAS, URNER, STOCKBRIDGE and ADKINS, JJ.

*Frank G. Turner,* for the appellant.

*Charles F. Harley,* with whom was *Thomas E. Mason* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

Mrs. Sarah E. Boyd, by her will dated April, 1904, appointed her son, J. Cookman Boyd, executor, and authorized and empowered said executor

> "without the permission, aid or intervention of any court whatsoever, to sell, mortgage, or otherwise dispose of any of my property aforesaid, and to invest the proceeds from the sale of same, as to him shall seem right and proper for the best interest of my estate."

The will could not be found after the death of Mrs. Boyd, who died on April 19th, 1917, but about two years later a copy thereof was admitted to probate by the Orphans' Court of Baltimore City. After sundry specific bequests all the rest and residue of testatrix's estate was given to J. Cookman Boyd in trust to collect and pay the income to her daughters, Lida B. Benedict and Anna B. Boyd, for life, and on the death of either of them to pay the whole income to the survivor for life; after the death of the survivor the estate to become the property of her sons, Henry E. Boyd and J. Cookman Boyd, absolutely. Included in the inventory of said estate is a leasehold lot of ground in the City of Baltimore at the corner of Collington Avenue and Lombard Street, subject to a ground rent of fifty-six dollars, and appraised at $2,200.

On April 9th, 1919, prior to the probate of the will, J. Cookman Boyd "individually and as agent for" his brothers and sisters undertook to sell to the appellant said leasehold lot of ground, and in such capacity signed with appellant the following agreement:

"J. Cookman Boyd, individually and as agent for Henry E. Boyd, Marion M. Boyd, Lida B. Benedict and Anna B. Davy, being all the children, heirs at law and distributees of the estate of Sarah E. Boyd, do hereby bargain and sell unto Nathaniel S. Weinstein the property situate at the N. W. Cor. of Collington Avenue and Lombard Street, subject to the ground rent of fifty-six dollars ($56.00) at and for the sum of twenty-four hundred dollars ($2,400.00), of which sum two hundred dollars ($200.00) has been paid on account.

"And the said Nathaniel S. Weinstein hereby purchases from the said J. Cookman Boyd, individually and as agent aforesaid, the said property at and for the sum of twenty-four hundred dollars ($2,400.00).

"And it is agreed and understood, that the said sale is to be consummated within forty-five days from the date hereof, except that if by reason of the absence from the city of Marion M. Boyd it be impossible to obtain his signature to said deed within said forty-five days, then the purchase price of said property shall be deposited in escrow in the National Bank of Baltimore, awaiting the signature of the said Marion M. Boyd, and the said Nathaniel S. Weinstein shall be permitted to take possession of said property as fully and to all intents as though said deed were executed.

"All expenses to be adjusted to day of transfer within said forty-five days, or at and to the time of handing over the custody and control of said property.

"As witness the signatures of the parties hereto this ninth day of April, 1919.

"(Signed)    J. Cookman Boyd,
"Individually and as Agent Aforesaid.
"(Signed)    Nathaniel S. Weinstein.
"Test: Emil Budnitz."

Subsequently, as alleged in his petition hereinafter referred to, in examining the title appellant discovered that no administration had been granted on Mrs. Boyd's estate, and called Boyd's attention to the fact, whereupon he, on May 10th, 1919, filed a copy of the will, which was on May 26th admitted to probate. On June 16th, 1919, an inventory of the estate was filed, and on the same day a report of sale by the executor and consent to immediate ratification were filed, and the sale finally ratified by the Court. On July 10th, 1919, appellant filed a petition setting out the above facts, reciting the residuary clause in the will, and the clause appointing the executor and empowering him to sell the property; and calling attention to the fact that there was no written consent and agreement of the parties in interest filed in Court to the immediate ratification of the sale, except that of the purchaser; and alleging that the order of immediate ratification was improperly and improvidently passed by the Court, and consequently the title was not good and merchantable. The prayer of the petition is that the executor be required to immediately procure the written consent and agreement of the parties in interest to the ratification of sale or to cause an order *nisi* to be published as required by law and upon failure to do so that he be removed. In his answer the executor says he filed the report of sale at the request of the petitioner; that it is now impossible for him to procure the written agreement and consent of the parties in interest; and that the said parties refuse to consent to the ratification of said sale. On September 11th, 1919, the Court rescinded its order of ratification passed on June 16th.

On September 15th the executor filed a petition alleging that the report of sale was filed by him in pursuance of the agreement of April 9th, 1919, entered into by him individually and as agent of the distributees of the estate of Sarah E. Boyd, and under the belief that the same would meet with the approval of the said distributees; that the pro-

vision in said agreement for the payment of the purchase money in forty-five days was not complied with; that petitioner, prior to the time of the signing of said agreement and prior to the agreement of sale itself, had received a higher offer for said property and so informed appellant; that he having agreed to give appellant a certain time in which to buy the same he felt morally bound to adhere thereto, and refused said higher offer; that after the expiration of the time limited in said agreement of sale petitioner was prevailed upon to agree to the sale of said property to appellant for $2,400.00 and the additional consideration of the sum of $23.00 per month as rent for said property, accounting from April 9th, 1919, until the final payment of the purchase money, although the same was not contained in the report of sale because of the impossibility of determining at that time what said monthly payments would amount to; that other offers for said property for a considerably larger amount were received by petitioner, none of which was accepted by him because of his desire to play fair with appellant, but that the distributees of the estate, who were not parties to said agreement, insist that petitioner had no legal right to agree to sell said property for a, less sum than he knew same to be worth, nor for less money than he could receive for the same; that he had no express authority, directly or indirectly, to enter into an agreement binding upon said distributees and that they have refused to ratify his action in attempting to sell said property, either individually or as executor. The prayer is for permission to withdraw the report of sale. To this petition appellant demurred. The Court sustained the demurrer and ordered the usual *nisi* order of ratification of sale to be advertised. Whereupon Anna B. Davy (formerly Boyd), one of the beneficiaries under the will, filed exceptions to the ratification of sale, and testimony was taken thereon.

J. Cookman Boyd testified that after he had agreed to give appellant an option on the property until the next day at

$2,400.00 he received an offer of $2,600.00; that he had not seen the property for years and did not know its value at the time he signed the agreement; that he had no authority to sign as agent for the distributees, that the report of sale was filed at appellant's request; that appellant agreed to pay $23.00 a month (in addition to the $2,400.00 for the property) until he received possession of it, that being in consideration of the giving of the notice to the tenant to move out, which notice was given the tenant; that in making the report of sale this part of the agreement was overlooked in the hurry; that he did not consult his brothers and sisters; that he assumed that the matter would be all right with them as he had always been in the habit of attending to their business; that when they were notified they objected on the ground that the consideration was grossly inadequate.

Richard B. Pue, a real estate agent, testified the property was worth from $4,000.00 to $5,000.00; that he was familiar with property values in that neighborhood.

Mrs. Davy testified as to information she had gotten on inquiring in the neighborhood, but as that was hearsay it should not have been admitted.

The appellant testified $2,400.00 was a fair price, as the property was in very bad condition.

We have referred at some length to the proceedings in the Orphans' Court because of appellant's connection with them from their inception. He admits he was present in Court with the executor when the report of sale was filed and immediately ratified, and testifies practically that this method was resorted to of giving title because the agreement of April 9th, 1919, could not be carried out any other way. He does not contradict the executor's testimony that the report of sale was made at his request.

The two questions that arise on this appeal, are:

1. Had the Orphans' Court jurisdiction to ratify or set aside this sale?

2.   If it had jurisdiction was it properly exercised?

The contention of the appellant is that the Court is without authority or jurisdiction and that it should not have entertained or sustained the exceptions because the executor was authorized by the will to sell "without the permission, aid or intervention of any Court whatsoever"; and that in any event the exceptions should have been overruled because the evidence did not support the allegation of inadequacy of consideration.

It is true that under Section 287 of Article 93 of the Code, Section 284 of said article, requiring an order of the Orphans' Court before a sale by an executor, should not "be construed to apply to any cases where an executor shall be authorized by will of his testator to make sale of any property, without application to the Orphans' Court."

In construing this section this Court said in *Brooks* v. *Berger,* 83 Md. 352: "The words 'without application to the Orphans' Court' must be expressed by the testator in his will, in connection with the power of sale, to authorize a sale without an order of the Orphans' Court first had and obtained."

The words said to be necessary are put in quotation by the Court. Whether those exact words are necessary, or whether the broad language used in the will here being considered are sufficient to include them, it is not necessary to decide in the view we take of this case.

For assuming the executor had power to sell without an order of Court, it does not follow he could not ask for the approval of the Court before selling; and the only doubt about his right to submit a sale already made for the ratification of the Court would be the right of the purchaser to rely upon the power of sale given by the will. But, where, as in this case, the report of sale was made, and the order *nisi* published, at the instance of the purchaser, the only possible obstacle is removed, even if under different circumstances there could be any.

We hold that the Court properly entertained jurisdiction in the matter.

Nor do we find any ground for disturbing the ruling of the Court for error in the exercise of its jurisdiction.

After excluding all the testimony, about the admissibility of which there can be any doubt, there is still enough left, if believed, to satisfy the Court of the inadequacy of the price. The executor's testimony is positive and uncontradicted that even before any contract of sale was made and while appellant had only an unenforcible option, a better offer was made. The executor was bound to act in the interest of the estate, and when he failed to do so he was exceeding the power given him by the will, however good his motives may have been; and according to the executor's testimony, which was not contradicted, appellant, who is a lawyer, was told of this better offer before the signing of the contract. Besides, the testimony of the real estate agent, if believed, showed gross inadequacy of price.

The principles by which courts are governed in dealing with private sales are very different from those controlling in public sales. In the one case, slight inadequacy and reasonable expectation of a better price are sometimes sufficient to justify the setting aside of sales where the approval of a Court is necessary, or where it is invoked; while in the other, the inadequacy must be gross, and the prospect of a better price practically demonstrable, or the circumstances such as to indicate the absence of fair competition. *Kelso* v. *Jessop*, 59 Md. 114; *South Balto. Co.* v. *Kirby,* 89 Md. 52; *Mason* v. *Hubner,* 104 Md. 554.

Exception was noted by appellant to the refusal of the Court to consider the affidavit of Philip H. Love, or to permit him to testify as to the value of the property, when produced after the close of the testimony, but before argument, it being then represented to the Court that although returned as summoned this witness had not really been summoned. This was within the discretion of the Orphans' Court and its ruling thereon is not reviewable.

We overrule the motion for writ of diminution filed by appellant. We know of no law by which the remarks of a trial judge to counsel trying a case (there being no question of their influence upon a jury) as to his personal knowledge of the *locus in quo* can be considered by this Court, and therefore no good end would be served by having said remarks incorporated in the record.

*Order affirmed, costs to be paid out of estate of Sarah E. Boyd.*