FELDMAN *v.* FELDMAN, Executor, Etc.

[No. 244, September Term, 1963.]

174

*Decided March 11, 1964.*

The cause was submitted to HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *William O. E. Sterling* for the appellant.

No brief filed for the appellee.

SYBERT, J., delivered the opinion of the Court.

Oscar B. Feldman died on July 8 1962 leaving a last will and testament which was duly admitted to probate by the Orphans' Court for St. Mary's County. Herman O. Feldman, a son, qualified as executor. The will devised and bequeathed all of the testator's property, both real and personal, to his wife for life, and upon her death, the will directed that all of the testator's property be sold and the proceeds divided equally among four named children and a grandchild. The executor was empowered to sell the property at public or private sale. The wife of the testator had predeceased him.

At his death the testator was the owner of a waterfront lot of land in St. Mary's County. The property, improved by a four room dwelling and shed, was appraised by two appraisers appointed by the Orphans' Court at $3,500.00. Subsequently, on April 9 1963, the executor, accompanied by his attorney, appeared before the Orphans' Court and told the court that he had arranged a sale of the property for $2,500.00 to his nephew, William Edward Dixon, Jr. (a son of his sister), and had accepted a deposit of $100.00. The Orphans' Court ordered a reappraisal, after which a new appraisal in the amount of $2,-000.00 was filed. The executor then reported the sale of the property to his nephew for $2,500.00 and an order *nisi* was published. Exceptions to the ratification of the sale were filed by the appellant, Robert G. Feldman, a son of the testator and one of the beneficiaries named in the will. With the exceptions there was filed as an exhibit a written offer of one Josephine G. Knight, who lived in the neighborhood, to purchase the lot in question for $3,500.00.

At the hearing on the exceptions before the Orphans' Court, the executor testified as to his private sale of the property to

his nephew for $2,500.00, stating the balance over and above the $100.00 deposit was to be payable in cash. On cross-examination the executor admitted that he did not make any effort to sell the property until six months after he qualified as executor; that he did not advertise the property for sale either by posting it or placing an advertisement in a newspaper; that he did not engage any realtor to help dispose of the property; and that the only action he had taken in regard to selling the property before his nephew offered $2,500.00, was to contact two parties his brother (the appellant) told him were interested in the property. Of these, he said one made an offer of $1,800.00 and the other made no offer. Mrs. Knight testified that her offer of $3,500.00 still stood and that she was willing and able to purchase the property for that amount in cash. After the hearing, the Orphans' Court dismissed the exceptions and ratified the sale to the nephew. The exceptant, Robert G. Feldman, then entered this appeal.

The appellant contends that the sale for $2,500.00 should not have been ratified because the executor did not "act in a prudent and businesslike manner, with a view to obtain as large a price as might, with reasonable diligence and attention, be fairly and reasonably obtainable under the circumstances". The appellee executor submitted no brief or argument here.

This Court, long ago, laid down the rule governing the duty of a fiduciary in selling property of a testator under a testamentary power of sale, in the case of *Gould v. Chappell,* 42 Md. 466, 470 (1875), wherein it was stated:

> "The discretion [to sell property at a public or private sale] thus reposed in the trustees was not *a mere arbitrary discretion,* but a discretion *coupled with a trust,* and to be exercised solely for the benefit of *the cestuis que trust.* It was their duty, therefore, in making a sale of the property to act in a *prudent and business-like manner,* with a view to obtain as large a price as might, with due diligence and attention, be fairly and reasonably obtainable under the circumstances. In other words, to exercise that diligence and caution which a careful and prudent owner would observe in the sale of his own property. If the sale be

made under circumstances of haste and imprudence, or if the trustees fail in reasonable diligence in inviting competition, or adopt an injudicious and disadvantageous mode of selling the property, a Court of Equity ought not ratify the sale. * * *" (Emphasis in the original.)

In the case of private sales by an executor, "slight inadequacy and reasonable expectation of a better price are sometimes sufficient to justify the setting aside of sales where the approval of a Court is necessary, or where it is invoked", *Weinstein v. Boyd,* 136 Md. 227, 234, 110 Atl. 506 (1920). See also *Webb & Knapp v. Hanover Bank,* 214 Md. 230, 133 A. 2d 450 (1957) ; *Knight v. Nottingham Farms, Inc.,* 207 Md. 65, 113 A. 2d 382 (1955) ; and *Kramme v. Mewshaw,* 147 Md. 535, 128 Atl. 468 (1925), which provide a thorough review of the law governing sales by various fiduciaries.

The present case presents substantially the same situation as that in *Knight v. Nottingham Farms, Inc., supra,* wherein this Court reversed an order of the Orphans' Court for Baltimore County ratifying a sale of land made under a testamentary power of sale. The executor, who had reported a sale for $13,-000.00, believed in good faith that that amount represented the full value of the property, it being appraised in the inventory at less than $2,500.00. However, the executor failed to advertise the property for sale, did not show it to prospective customers, and did not seek any expert advice as to the value of the property. Subsequently, exceptions to ratification of the sale were filed and an offer was received for $18,000.00. This Court reversed the order ratifying the sale because even though the executor had acted in good faith, he had not acted diligently or providently. While recognizing the general rule that if a fiduciary acting diligently and without fraud accepts an offer at private sale for the most that he is able to obtain for the property at the time, and reports that offer to the court, it will not be set aside merely because someone else is later willing to give more for the property (at p. 72 of 207 Md.), the Court went on to say (at p. 78) :

"* * * the executors did nothing other than remain dormant and receive such offers as might be

brought to them. They apparently made no substantial effort to obtain a better offer. They did not obtain expert advice as to the value of the property. * * * the executors should have made an effort to learn of its value * * *. Without that knowledge, there was no assurance that any sale of this land * * * was fair and just to the owners. We are, therefore, of opinion that the order dismissing the exceptions and ratifying and confirming the sale should be reversed."

On the other hand, this Court has held that where an executor, in effecting a sale of real property, obtained an independent appraisal, solicited bids, and negotiated with a large number of brokers, the sale will not be set aside for lack of diligence, even though a higher bid is received after a fair contract of sale is signed and reported. *Probert v. Garrett, Exec.*, 221 Md. 188, 156 A. 2d 651 (1959).

In the present case we do not feel that the executor met the test of diligence as laid down in the cases. As far as the record discloses, the executor did nothing other than to contact the two prospects mentioned by his brother. Such inertia was condemned in *Knight v. Nottingham Farms, Inc., supra.* In addition, there is no evidence that the executor made any effort at all to obtain a higher price than that offered by his nephew. The attitude of the executor is shown by his statement that he "felt justified" in acting the way he did. because his brother, the appellant, had filed a claim against the estate. Since the executor did not act in a prudent, diligent and businesslike manner, in order to obtain as large a price as might fairly be obtainable, the order appealed from will be reversed and the case remanded for the passage of an order setting aside the sale to the nephew and for further proceedings.

*Order reversed and case remanded for the passage of an order setting aside the sale to William Edward Dixon, Jr., and for further proceedings; costs to be paid by Herman O. Feldman, individually.*